**Robert Louis DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43400.**

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Rehearing Denied March 10, 1971.

James W. Lee, III, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder with malice; the punishment, twenty (20) years.

Appellant entered a plea of guilty to the above offense after being informed by the trial court that the jury would assess his punishment anywhere between two and twenty-five years, and persisted in such plea after being so admonished.

Appellant's first contention, supported by a bill of exception, is that he "was induced into pleading guilty in this cause by the representation of the Assistant District Attorney, Ricahrd (sic) Mays, that if the Appellant would plead guilty he, the assistant district attorney, would recommend to the jury that the Appellant receive not more than ten (10) years sentence in the Texas Department of Correction. * * *" This bill of exception is not qualified and is a part of the record on appeal, the State having made no objection to the record. The State in its brief does not contend that such an agreement was not in fact made.

Appellant's court-appointed attorney on appeal contends that Mays acted in bad faith when he urged the jury to assess the punishment at "not a minute, not a day less than ten years in the Texas Department of Corrections."

If an objection had been interposed to such argument at the time it was made, then the prosecutor could have corrected his recommendation. Having failed to object, appellant must be held to have waived his complaint as to the argument, which is the only alleged violation of the agreement.

Appellant's second ground of error is that there was material variance between the indictment and the proof as to the middle initial of the injured party. This Court has held that the addition or omission of a middle initial does not constitute variance. Harris v. State, 169 Tex.Cr.R. 298, 333 S.W.2d 381.

His third ground of error is that he was not warned as to the possible punishment for the offense of assault with a prohibited weapon charged in the second paragraph of the indictment. The case was not submitted to the jury on this paragraph and therefore nothing is presented for review.

He next contends that the court erred in permitting the State to reopen their case after they had rested. No abuse of discretion has been shown. McCullough v. State, Tex.Cr.App., 425 S.W.2d 359.

Appellant claims that the trial court committed fundamental error in permitting the State to introduce a certified copy of an indictment charging him with rape. This was apparently introduced for the purpose of punishment, at this one-stage trial. The State also introduced a copy of the judgment in that cause, which shows that appellant pled guilty to assault with intent to commit rape. Appellant did not object when the indictment was admitted into evidence; therefore, nothing is presented for review.

We overrule without discussion appellant's claim that his trial attorney was ineffective. We find his representation to be adequate.

Finding no reversible error, the judgment is affirmed.