**Gary Donald LOGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45403.**

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 26, 1972.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, forty (40) years.

The record reflects that three men robbed the Village Food Store in Dallas on June 29, 1969 and escaped with $6,630. Ann Johnson, the cashier at the store, testified, unequivocally, that the appellant was the person who assaulted her with a sawed-off shotgun and demanded the money in the cash register. Wilma Jean Graham, another cashier, also positively identified the appellant as one of the robbers.

Appellant's first and seconds grounds of error relate to the argument of the prosecutor which he contends was in violation of the holding of the Supreme Court of the United States in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934; Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, and of this

Court in Schepps v. State, 432 S.W.2d 926, in that it constituted the use of a confession by Monroe Harvey, appellant's companion in crime, against him. We quote from the argument:

"PROSECUTOR: . . . Harvey comes in about a day or two later and confesses.

"in his confession, he implicates,—

"DEFENSE ATTORNEY: We object to this.

"THE COURT: Counsel, I don't believe there is anything (sic)

"DEFENSE ATTORNEY: Clearly outside the record.

"THE COURT: Sustain the objection.

"DEFENSE ATTORNEY: Ask for a mistrial.

"THE COURT: The Court overrules your mistrial. Jury disregard statement of counsel about Harvey's confession. It is not in the record.

"PROSECUTOR: All right. Harvey comes into the police station and talked with the officers, tells them about the crime, tells them who was involved with him.

"DEFENSE ATTORNEY: Judge, we object to this.

"THE COURT: Counsel, I don't believe that's in the record either. I sustain.

"DEFENSE ATTORNEY: I renew motion for mistrial.

"THE COURT: I sustain the objection to argument, but not to motion for mistrial.

"DEFENSE ATTORNEY: Can I have a ruling on my motion?

"THE COURT: Go ahead, that's not in the record as I remember it.

"PROSECUTOR: Well.

"THE COURT: They talked to this man but what they got out of him is not in the record.

"PROSECUTOR: Right. If I am going into facts outside of the record, I apologize."

The record reflects that Officer J. W. Johnson testified that the car seen leaving the scene of the robbery was later identified as one belonging to Monroe Harvey. Officer Johnson then testified:

"PROSECUTOR: All right. How long after that [the robbery] was it before you talked to Monroe Harvey, the owner of that car?

"WITNESS: Two days.

"Q Two days later you talked to Monroe Harvey?

"A Yes, sir. He came to our office.

"Q Did he turn himself in?

"A Yes, sir.

"Q All right. Did he talk to you about this offense?

"A Yes, sir.

"Q All right, sir. Did you obtain more information from him at that time.

"A Yes, sir.

"Q Did you find out the name of the other men at this time.

"A Yes, sir.

"Q Connected with the robbery?

"A Yes, sir.

"Q And did you pursue an investigation of these other men named?

"A That's correct.

"Q All right, sir. I will ask you if one of them is seated in the courtroom here today?

"DEFENSE ATTORNEY: We object to that. That's clearly a statement made

outside of the presence of the defendant. It is hearsay.

"PROSECUTOR: Your Honor, I withdraw that."

■■■ We decline to decide whether Bruton v. United States, supra, or whether the recent opinion of the Supreme Court of the United States in Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340, which limits Bruton under certain circumstances, are applicable in the case at bar since the prosecutor's remarks during argument concerned facts which were part of the record. Further, the appellant testified Monroe Harvey was named with him in the indictment. We also note that the appellant received all the relief he requested and may not now complain of a matter he did not pursue until he received an adverse ruling. Burks v. State, Tex.Cr.App., 432 S.W.2d 925, and the cases cited therein.

■■■ Appellant's third ground of error is that the prosecutor "was guilty of bad faith in asking prejudicial questions for hearsay, inadmissible answers of the highly incriminatory nature, and withdrawing the questions upon appellant's objection." In support of his contention, he cites the following excerpt from Officer Johnson's testimony as well as the one cited in grounds of error one and two:

"PROSECUTOR: Do you recall who you talked to [at the place where the getaway car was found]?

"WITNESS: We talked to Monroe Harvey's mother.

"PROSECUTOR: Okay. Did she tell you anything about the people Monroe Harvey was running around with?

"MR. MORROW: We object to that question, it's clearly hearsay. What she said, its guilt by association.

"PROSECUTOR: I will withdraw the question.

"THE COURT: The officer is not going to testify about anything said out of the presence of the defendant."

The appellant did not request any further relief. He did not ask to have the jury instructed not to consider the questions and answers or request the court to declare a mistrial. It is axiomatic that an accused must pursue the matter until he secures an adverse ruling from the trial court. Burks v. State, supra.

■■ Appellant's fourth ground of error is that the court erred in admitting the fruits of the search of appellant's person at the time of his arrest. He claims that since the State did not produce the arrest warrant under which they took appellant into custody, they are relegated to a warrantless arrest for which probable cause was not shown. Officer E. L. Boyd testified, without objection, that he was armed with an arrest warrant at the time he arrested appellant. Haynes v. State, Tex. Cr.App., 468 S.W.2d 375, holds that if an accused desires to attack a warrant, it is incumbent upon him to see that the affidavit is in the appellate record. If he fails to do so, it is presumed that the warrant is valid. Appellant cites Texas v. Grundstrom, 404 F.2d 644 (5th Cir. 1967) and Barnett v. United States, 384 F.2d 848 (5th Cir. 1967) in support of his contention. However, we are unable to determine how these cases limit Haynes, supra, under the circumstances of the case at bar.

■■ Appellant's fifth ground of error relates to the proof of prior convictions of appellant at the punishment stage of the trial. At the time the instruments were offered in evidence, appellant's counsel stated, "Judge, we have no objection to any of these exhibits." In the absence of an objection, any error is waived. Nicholson v. State, Tex.Cr.App., 475 S.W.2d 773, and Chaney v. State, Tex.Cr.App., 464 S.W. 2d 653.

Appellant's remaining grounds of error do not reflect error and will not be discussed.

Finding no reversible error, the judgment is affirmed.