Ex parte Alfredo Aguilar GARCIA.

No. 58981.

Court of Criminal Appeals of Texas,
Panel No. 3.

March 14, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

ROBERTS, Judge.

A jury convicted the petitioner of unlawful possession of firearm by felon, and it found to be true two enhancement allegations of prior felony convictions. Accordingly, the petitioner was sentenced to confinement for life.

On appeal, we affirmed the judgment in a per curiam opinion (No. 50,243 on June 4, 1975). We denied two applications for habeas corpus without opinion (on October 6, 1976 and January 5, 1977).

In his third application for habeas corpus relief, the petitioner attacked one of the prior convictions used to enhance his punishment. This was a conviction in Criminal No. 70–B–122 in the United States District Court for the Southern District of Texas, Brownsville Division. The petitioner claimed that the federal indictment was fundamentally void for failure to allege that he possessed a firearm "in commerce or affecting commerce." See 18 U.S.C., Appendix Section 1202(a); *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). A majority of this Court held that we could not speculate on the retroactive effect of *Bass,* and that comity forbade us to permit collateral attacks on federal convictions used for enhancement purposes in state proceedings. *Ex Parte Garcia,* 560 S.W.2d 948 (Tex.Cr.App.1978).

Taking us at our word, the petitioner turned to federal court for a determination of whether the federal indictment was invalid. It appears that on March 14, 1978, the United States District Court for the Western District of Texas granted the petitioner's motion for writ of error coram nobis, and ordered the conviction in Criminal No. 70–B–122 vacated and set aside. In his fourth application for habeas corpus relief, the petitioner has introduced in the trial court a certified copy of the federal court's order.

The considerations of comity which led us to deny the petitioner's third application are no longer present. It now appears that one of the convictions used for enhancement has been set aside by the federal court. One of the convictions properly having been voided, the relief sought is granted.