Ex parte Santiago **ELIZALDE.**

No. 60490.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 20, 1980.

Gerry Miller, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric G. Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ON STATE'S MOTION FOR
REHEARING

ROBERTS, Judge.

The State's motion for rehearing is granted, and our prior opinion is withdrawn.

The applicant was convicted by a jury in 1976 of the offense of burglary of a habitation, Cause No. 76–CR–107E, and assessed a sentence of life imprisonment pursuant to V.T.C.A., Penal Code, Sec. 12.42(d). An appeal of that conviction was affirmed in our per curiam opinion No. 54,379. The applicant then filed, in the trial court, an application for writ of habeas corpus on which we ordered an evidentiary hearing.

The convicting court has held that evidentiary hearing, in compliance with our per curiam order, to develop the facts affecting this application for a post-conviction writ of habeas corpus. It appears that in 1967 a juvenile court of Nueces County found that the applicant was a delinquent child; that adjudication was based, at least in part, on the applicant's burglarious entry into the Yellow Jacket Lounge. In 1968 the applicant was convicted (in Cause 12779 in the 105th District Court of Nueces County) of the offense of burglary for the same entry into the Yellow Jacket Lounge; he did not appeal. That burglary conviction

was used in a 1976 felony prosecution as one of the two prior convictions to fix his punishment at confinement for life, as provided by V.T.C.A., Penal Code, Section 12.-42(d). The applicant objected on double jeopardy grounds to the use of the 1968 conviction, but the objection was overruled, and the jury found that the allegation of the prior conviction was true. The applicant now is serving a life sentence in that cause (76–CR–107E in the 214th District Court of Nueces County).

The applicant's 1968 conviction was obtained in violation of the Double Jeopardy Clause,* because an adjudicatory hearing on the same conduct previously had been held in the juvenile court. See *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975).

A conviction that was obtained in violation of the Constitution may not be used to enhance punishment in another case, and punishment that was so enhanced may be attacked collaterally. See, e. g., *Ex parte Reno*, 477 S.W.2d 292 (Tex.Cr.App. 1972). The punishment which was assessed in this case must be set aside.

Because the applicant elected to have the jury assess his punishment in the case which resulted in his present sentence, he must have a new trial on the issue of guilt as well as punishment. See *Ex parte Brown*, 575 S.W.2d 517 (Tex.Cr.App.1979).

Accordingly, the writ is granted. The conviction in Cause 12779 in the 105th District Court of Nueces County is set aside and the trial court will enter a judgment of acquittal in that cause. The conviction in the instant case (76–CR–107E in the 214th District Court of Nueces County) is set aside and the applicant is relieved from any restraint imposed by the judgment or sentence in that cause. The trial court will quash paragraph III of the indictment in Cause No. 76–CR–107E. The applicant is remanded to the custody of the Sheriff of Nueces County by virtue of the indictment pending in Cause 76–CR–107E.

It is so ordered.

ONION, P. J., concurs.