**Ex parte James Ronald HOWETH.**

**No. 65804.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 10, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION ON COURT'S OWN MOTION FOR REHEARING

ONION, Presiding Judge.

Our prior opinion is withdrawn.

This is a post-conviction writ of habeas corpus proceeding brought under Article 11.07, Vernon's Ann.C.C.P. (Supp.1980).

Petitioner is confined in the Texas Department of Corrections because of his conviction in cause number 76–178–C in the 54th District Court of McLennan County of the offense of Bail Jumping and Failure to Appear as denounced in Section 38.11, V.T.C.A., Penal Code (1974). His sentence was enhanced because the jury found that he had been previously convicted of two felonies; consequently, it fixed his punishment at life imprisonment. That judgment was affirmed by an unpublished per curiam opinion by this Court in our cause number 56,412, dated February 21, 1979.

One of the prior convictions relied upon for enhancement purposes was the conviction of petitioner in cause number 72–281–C in the said 54th District Court. The indictment in the latter case alleged that petitioner "did then and there unlawfully possess a dangerous drug, to-wit: methaqualone," it being alleged that the offense occurred on September 29, 1972. Petitioner waived his right to a jury trial and entered his plea of guilty before the court. His punishment was fixed at imprisonment for four years but imposition of sentence was suspended and petitioner was granted probation. Subsequently, probation was revoked.

The trial court has found, and we agree, that under the rationale of *Jackson v. State*, 518 S.W.2d 371, 372 (Tex.Cr.App. 1975), the drug methaqualone was not named as a dangerous drug under the statute then in effect. Nor did the indictment allege any facts showing why methaqualone was in fact a dangerous drug. *Ex parte Charles*, 582 S.W.2d 836, 837 (Tex.Cr.App. 1979).

Consequently, the indictment in cause number 72–281–C was void, the trial court did not have jurisdiction, and such judgment is subject to collateral attack. *Ex parte Russell*, 561 S.W.2d 844, 845 (Tex.Cr. App.1978); *Ex parte Charles*, supra.

It has long been the rule that petitioner may challenge fundamentally defective indictments by way of a post-conviction application for writ of habeas corpus. *Ex parte Banks*, 542 S.W.2d 183, 184 (Tex.Cr. App.1976); *Ex parte Charles*, supra. The rule is applicable to convictions used for enhancement purposes under the recidivist statute. Section 12.42, V.T.C.A., Penal Code (1974). *Ex parte Sanford*, 562 S.W.2d 229, 230 (Tex.Cr.App.1977). Petitioner is, therefore, entitled to relief.

Because the petitioner elected to have the jury assess his punishment in the case which resulted in the present life sentence, he must have a new trial on the issue of guilt as well as punishment. *Ex parte Elizalde*, 594 S.W.2d 105 (Tex.Cr.App.1980).

Accordingly, the writ is granted. The conviction in cause number 72–281–C is set aside and that indictment is ordered dismissed. The conviction in the instant case, cause number 76–178–C, is set aside and the petitioner is relieved from any restraint imposed by the judgment or sentence in that cause. The petitioner is remanded to the custody of the Sheriff of McLennan County by virtue of the indictment pending in said cause number 76–178–C.

The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.