**Ex parte William Lester NIVENS.**

**No. 68333.**

Court of Criminal Appeals of Texas,
En Banc.

July 22, 1981.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post-conviction writ of habeas corpus proceeding brought under Article 11.07, V.A.C.C.P.

Petitioner is currently an inmate of the Department of Corrections. He is restrained as a result of his conviction in the 178th District Court in Cause No. 286,967 for burglary of a habitation. He was sentenced to life imprisonment after a jury found he had been twice previously convicted of felony offenses as alleged in the indictment. See V.T.C.A., Penal Code, § 12.-42(d). On appeal petitioner's conviction was affirmed in an unpublished per curiam opinion, *Nivens v. State* (No. 63,000, 12/17/80). See 609 S.W.2d 560 (Tex.Cr. App.1980—Table).

Subsequently in February, 1981 petitioner by post-conviction habeas corpus application sought to attack a prior forgery conviction in Cause No. 75–158 in the 25th District Court of Guadalupe County, which was one of the prior convictions alleged and proved for enhancement of punishment in Cause No. 286,967 in the 178th District Court of Harris County. It was petitioner's contention that felony information in said Cause No. 75–158 was fundamentally defective for failure to allege an essential element of the offense of forgery—that the purported maker "did not authorize the act" of making the writing.

The judge of the 25th District Court agreed with petitioner's contention that the felony information failed to allege an essential element of the offense. The judge made findings of fact and conclusions of law accordingly. On March 18, 1981, in an unpublished per curiam opinion, *Ex parte Nivens* (No. 67,315), this court held the forgery conviction in Cause No. 75–158 in the 25th District Court to be void as the felony information was fundamentally defective for failing to allege an essential element of the offense.[1] See *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App.1979) (Opinion on

---

1. It was observed that a fundamentally defective indictment or information is subject to

collateral attack. *Ex parte Charles*, 582 S.W.2d 836 (Tex.Cr.App.1979).

State's Motion for Rehearing); *Ex parte Huff*, 583 S.W.2d 774 (Tex.Cr.App.1979). Petitioner was granted relief. His conviction in said Cause No. 75–158 was set aside and the information ordered dismissed.

On April 6, 1981, the petitioner filed a post-conviction writ of habeas corpus application in the 178th District Court of Harris County asking that his conviction for burglary of a habitation in Cause No. 286,967 be set aside because his conviction in Cause No. 75–158 in the 25th District Court of Guadalupe County had been used as one of the prior felony convictions for enhancement of punishment, and said conviction had since been set aside because it was based on a fundamentally defective felony information, and since the jury had assessed punishment in Cause No. 286,967, he was entitled to an entirely new trial. *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr.App.1980).

The State responded, noting that Cause No. 286,967 had been affirmed by this court and denied the factual allegations of petitioner's application. It further stated the matters of law and facts could be resolved by this court without an evidentiary hearing. The trial court adopted the State's response.

Because one of the convictions used for enhancement of punishment in Cause No. 286,967 is void for the reasons stated above and because a jury was elected to assess punishment in Cause No. 286,967, the petitioner is entitled to have a new trial on the issue of guilt as well as punishment. *Ex parte Howeth*, supra; *Ex parte Elizalde*, 594 S.W.2d 105 (Tex.Cr.App.1980).

We reach this conclusion despite the fact at the trial in Cause No. 286,967 the petitioner offered no objection to evidence of his prior forgery conviction in Guadalupe County on the basis now urged. The lack of an objection was noted in the opinion on direct appeal.

In *Smith v. State*, 486 S.W.2d 374 (Tex. Cr.App.1972), involving a shoplifting case, we were faced with a somewhat similar situation. Two prior felony convictions were alleged for enhancement of punishment. At the penalty stage of the trial, the defendant pled "guilty" to these allegations. No objection was offered. A life sentence was imposed and an appeal taken. While the appeal was pending in this court, a post-conviction habeas corpus application was filed in the trial court alleging that one of the prior felony convictions used for enhancement was void because he did not have counsel when his probation in that case was revoked. The trial judge found Smith was entitled to relief from such conviction, and forwarded the habeas record to this court. In *Smith* this court stated:

> "Ordinarily, we do not consider habeas corpus matters attacking a prior conviction while the case involving such cause is on appeal. . . . Under the circumstances of this case, we have concluded that it would be a useless thing to require a separate proceeding after the appeal has become final. Therefore, we will consider the matter in disposing of the appeal."

Thereafter, the court found the burglary conviction in Midland County alleged for enhancement to be void. The life sentence for shoplifting originally imposed under Article 63, V.A.P.C., 1925, was reformed under Article 62, V.A.P.C., 1925, to 10 years' imprisonment since the other prior conviction for burglary from Bell County and the primary offense of shoplifting were like offenses.

In the instant case, the provisions of the 1974 Penal Code are applicable, and we cannot reform as we did in *Smith*. Since the trial was before the jury at the penalty stage of trial, the petitioner is entitled to an entirely new trial. See *Ex parte Millard*, 587 S.W.2d 703 (Tex.Cr.App.1979); *Ex parte Howeth*, supra.

The relief prayed for is granted. The conviction for burglary of a habitation in Cause No. 286,967, in the 178th District Court, is set aside, and the petitioner is ordered released to the Sheriff of Harris County to answer the indictment in Cause No. 286,967, with the enhancement paragraph as to said Cause No. 75–158 dismissed.

It is so ordered.