**Ex parte Jerdell Timothy WHITE.**

No. 69193.

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1983.

Jerdell Timothy White, pro se.

Henry Wade, Dist. Atty. and Gregory S. Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Art. 11.-07, V.A.C.C.P. Applicant was convicted in Cause No. F78–3368–NK in Criminal District Court No. 4 of Dallas County on November 10, 1978 of the offense of possession of a short-barrel firearm. Punishment, enhanced by two prior felony convictions, was assessed at life.

Applicant contends that the indictment in one of the convictions used for enhancement was fundamentally defective. The trial court agreed, its finding reflecting that one of the priors utilized was a conviction for burglary of a building (Cause No. C74–5993–PQ) in which the indictment failed to allege that applicant intended to commit theft or any other felony. The trial court concluded that since appellant elected to have punishment assessed by a jury that the primary cause should be "remanded to the trial court for further proceedings." We agree, an indictment charging burglary must allege that the accused committed (1) theft or a named felony or (2) attempts to commit theft or a named felony, or (3) may allege each of the elements of the theft or the felony in question. V.T.C.A. Penal Code, Sec. 30.02; *Davila v. State,* 547 S.W.2d 606 (Tex.Cr.App.1977); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976).

The State in its response agrees that the indictment in the prior conviction was fundamentally defective, but urges that the applicant has not timely raised his complaint and cannot at this late date be heard to complain. In *Hill v. State,* 633 S.W.2d 520 (Tex.Cr.App.1982), where defendant complained for the first time on appeal that a prior conviction used for enhancement was void because he was indigent and without counsel, we held that failure to object at trial to the introduction of proof of an allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized a prior conviction. In *Hill,* we noted that contrary results were reached in *Ex parte Nivens,* 619 S.W.2d 184 (Tex.Cr.App.1981) and *Ex parte Howeth,* 609 S.W.2d 540 (Tex.Cr.App.1980) where the prior convictions were based upon void charging instruments. In *Ex parte Howeth,* supra, it was noted that since the trial court did not have jurisdiction where the indictment was void, the judgment in the prior conviction and for enhancement was subject to attack. See *Ex parte Garcia,* 578 S.W.2d 141 (Tex.Cr.App.1979).

The instant case falls within our holdings in *Howeth, Nivens* and *Garcia* since the charging instrument was void and the trial court never acquired jurisdiction. We find these cases to be distinguishable from our holding in *Hill v. State,* supra, and reject the State's response that applicant has not truly raised his complaint.

The conviction in Cause No. C74–5993–PQ is set aside and the indictment is ordered dismissed. The conviction in the instant case, Cause No. F78–3368–NK, is set aside and the applicant is remanded to the custody of the Sheriff of Dallas County by

virtue of the indictment in Cause No. F78–3368–NK.

The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.