**Ex parte Jimmy Webb TODD.**

**No. 69061.**

Court of Criminal Appeals of Texas, En Banc.

May 23, 1984.

---

Mark Turner, Mark K. O'Briant, Garland, for appellant.

Henry Wade, Dist. Atty., Gregg Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

In November, 1977, a jury convicted the applicant of the offense of aggravated rape and assessed punishment, using two prior felony convictions as enhancement, at life imprisonment. See, V.T.C.A., Penal Code, Section 12.42(d). We affirmed in *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980).

The applicant now argues for relief from his 1977 conviction by collaterally attacking the prior convictions used by the jury to enhance the punishment to life. Neither the petition, a brief in support of it, nor any of the supporting documents made part of the record before us indicate that the applicant objected to the introduction of the prior convictions. Ordinarily, this would preclude the type of double collateral review sought by the applicant.

The rule is that the failure to object at trial to the introduction of an infirm prior conviction precludes an applicant from thereafter collaterally attacking the conviction where the infirm prior conviction was used. See, *Ex parte Ridley*, 658 S.W.2d 177 (Tex.Cr.App.1983); *Hill v. State*, 633 S.W.2d 520 (Tex.Cr.App.1982). It is an exception to the rule that where the prior conviction complained of is based on a void indictment. See, *Ex parte White*, 659 S.W.2d 434 (Tex.Cr.App.1983). We will review the applicant's contention that one of the prior convictions falls within that exception.

Applicant's cognizable complaint is that the indictment in his 1976 attempted aggravated rape conviction, Cause Number F76–2329–NJ, is void. This assertion is based on the allegation that the indictment fails to contain the statutory language of V.T.C.A., Penal Code, Section 15.01, or facts illustrating attempt conduct. As we stated in *Morrison v. State*, 625 S.W.2d 729 (Tex.Cr.App.1981):

"The indictment need not allege the phrase 'amounting to more than mere preparation that tends but fails to effect the commission of the offense intended,' *if* it alleges facts which show the act is of that character. (citations omitted).

An indictment which alleges neither that element nor facts which show that element, on the other hand, is insufficient to allege criminal attempt." Id. at 730 (emphasis in original).

The allegations of the 1976 attempted aggravated rape indictment, in pertinent part, follow:

"The defendant ... did unlawfully, knowingly and intentionally attempt to have sexual intercourse with (the complainant), a female not his wife, without the consent of the complainant, and the Defendant did knowingly and intentionally attempt to compel the complainant to submit to the said act of sexual intercourse *by threatening serious bodily injury to be imminently inflicted on the complainant.*" (Emphasis added).

We disagree with the applicant that this indictment is insufficient to allege criminal attempt.

What *act* amounted to more than mere preparation that tended but failed to effect the commission of the intended aggravated rape? Section 15.01(a), supra. In this indictment it is the "attempt to have sexual intercourse ... and ... attempt to compel the complainant to submit to the said act of sexual intercourse by threatening serious bodily injury...." Omission of the phrase that this act amounted to more than mere preparation and tended but failed to effect the commission of the intended aggravated rape does not render an indictment alleging an attempted offense fundamentally defective. See, *Cody v. State,* 605 S.W.2d 271, 274 (Tex.Cr.App. 1980), citing *Colman v. State,* 542 S.W.2d 144 (Tex.Cr.App.1976). The act alleged alone is of sufficient character to satisfy that element.

Moreover, the instant indictment is not at all unlike indictments upheld by this Court alleging an attempt to have sexual intercourse "by force and by threatening." See, *Ex parte Prophet,* 601 S.W.2d 372, 373 (Tex.Cr.App.1980); *Ex parte Bunch,* 608 S.W.2d 641, 642 (Tex.Cr.App.1980). The indictment alleges sufficient facts to preclude a finding that it is fundamentally defective. See Article 21.11, V.A.C.C.P.

We have reviewed the other allegations contained in the applicant's petition and find that they are without merit.

The relief requested is denied.

CLINTON, J., dissents for reasons stated in dissent in *Ex parte Cashman,* 671 S.W. 2d 510 (Tex.Cr.App.1983) this day decided.

TEAGUE, J., dissents.