**Ex parte Stephen Lynn RUSSELL.**

**No. 69574.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 5, 1986.

On Rehearing July 1, 1987.

Merrilie W. Maull, Sugar Land, J. Thomas Sullivan, J. Blake Withrow, Dallas, for appellant.

Henry Wade, Dist. Atty. and Ruth E. Plagenhoef, Michael A. Klein, Leslie McFarlane, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Alfred Walker, First Asst., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P. See *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967)

On March 6, 1980 applicant in Cause No. F80–423–KJ in Criminal District Court No. 3 of Dallas County was convicted of aggravated robbery and the jury assessed his punishment at 50 years' imprisonment. His conviction was affirmed on appeal by the Dallas Court of Appeals.

In his post-conviction habeas applications filed in the convicting court applicant alleged, inter alia, that the prosecutor suppressed material evidence during his aggravated robbery trial and that a void prior robbery conviction was improperly utilized at the penalty stage of the trial as part of his "prior criminal record." See Article 37.07, V.A.C.C.P. After evidentiary hearings the trial court found the applications to be without merit and recommended that relief be denied. The record was forwarded to this Court. See Article 11.07, supra.

The record reflects that at applicant's aggravated robbery trial in Cause No. F80–423–KJ five prior convictions were introduced into evidence against applicant as part of his prior criminal record under Article 37.07, supra. Two were convictions for possession of marihuana, one was for attempted burglary and one was for burglary. The fifth prior conviction was for robbery in Cause No. F80–285–KJ. While there was an objection to the introduction of the prior robbery conviction, it was not on the basis of a fundamentally defective indictment. On February 20, 1985, this Court in *Ex parte Russell* (Tex.Cr.App. No. 69,379), an unpublished per curiam opinion, held that the robbery indictment was fundamentally defective. The judgment and sentence in the prior robbery conviction was set aside and the indictment ordered dismissed.

In its findings of fact and conclusions of law the trial court found that appellant had an opportunity to object to the introduction of the prior robbery conviction on the basis of a defective indictment, and not having done so waived any error in its admission citing *Hill v. State*, 633 S.W.2d 520 (Tex. Cr.App.1982).

However, we conclude that what was said in *Ex parte White*, 659 S.W.2d 434, 435 (Tex.Cr.App.1983), is here controlling.

"The State in its response agrees that the indictment in the prior conviction was fundamentally defective, but urges that the applicant has not timely raised his complaint and cannot at this late date be heard to complain. In *Hill v. State*, 633 S.W.2d 520 (Tex.Cr.App.1982), where defendant complained for the first time on appeal that a prior conviction used for enhancement was void because he was indigent and without counsel, we held that failure to object at trial to the introduction of proof of an allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized a prior conviction. In *Hill*, we noted that contrary results were reached in *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Cr.App.1981) and *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr.App. 1980) where the prior convictions were based upon void charging instruments. In *Ex parte Howeth*, supra, it was noted

that since the trial court did not have jurisdiction where the indictment was void, the judgment in the prior conviction and for enhancement was subject to attack. See *Ex parte Garcia,* 578 S.W.2d 141 (Tex.Cr.App.1979).

"The instant case falls within our holdings in *Howeth, Nivens* and *Garcia* since the charging instrument was void and the trial court never acquired jurisdiction. We find these cases to be distinguishable from our holding in *Hill v. State,* supra, and reject the State's response that applicant has not truly raised his complaint."

See also *Ex parte Todd,* 669 S.W.2d 738 (Tex.Cr.App.1984).

We must decide whether the error at the penalty stage of the trial in use of the void prior conviction was harmful.

The test for harmless constitutional error is not whether a conviction could have been had without the improperly admitted evidence, but "whether there is a reasonable possibility that the evidence *complained of might have contributed to* the conviction." *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In Texas this test includes the assessment of punishment. *Jordan v. State,* 576 S.W.2d 825, 830 (Tex.Cr.App.1978). See also *Clemons v. State,* 605 S.W.2d 567 (Tex.Cr.App.1980); *Maynard v. State,* 685 S.W.2d 60 (Tex.Cr.App.1985). Thus we must be able to conclude from the record that the erroneously admitted evidence was harmless as to punishment beyond a reasonable doubt. See *Jordan v. State,* supra; *Clemons v. State,* supra; *Maynard v. State,* supra. In doing so we must look to the facts and circumstances of each case. *Ex parte Flores,* 537 S.W.2d 458 (Tex.Cr. App.1976). In the instant case the punishment was assessed by the jury at 50 years. Prominence was given to the prior robbery conviction by the prosecutor in jury argument in seeking a higher punishment. The prosecutor argued that appellant started "out with marijuana," then "burglary," "robbery" and now "aggravated robbery," that it was an ascending scale of violence, that the appellant had received only 10

years for the prior robbery conviction on a guilty plea, that the robbery offenses were similar, and asked for a life sentence and added, "If you give him less than thirty years, *then he has beat the system again.*" (Emphasis added.)

In light of the prominence given the void prior conviction, there is a reasonable possibility that its admission might have affected the verdict. Even though 50 years might have been appropriate under the facts of the case and the other prior convictions, that is not the question before this Court. The question is whether there was a reasonable possibility that the admission of the prior conviction and the argument based thereon contributed to the length of the applicant's punishment. We cannot say from this record that it did not beyond a reasonable doubt. The aggravated robbery conviction must be set aside. The error at the penalty stage before a jury calls for a new trial.

With regard to the suppression of evidence claim, we find the testimony adduced at the evidentiary hearings supports the trial court's findings. Where applicant actually knew the facts which were allegedly withheld, he cannot seek relief on the basis of the State's alleged failure to disclose those same facts. *Means v. State,* 429 S.W.2d 490 (Tex.Cr.App.1968). In the event of a new trial this suppression of evidence claim will present no problem. We need not discuss the facts surrounding the same.

The aggravated robbery in Cause No. F80–423–KJ is set aside, and the applicant is remanded to the custody of the Sheriff of Dallas County to answer the indictment in said cause.

The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

WHITE, J., concurs in the result.

## OPINION ON STATE'S MOTION FOR REHEARING

MILLER, Judge.

It was decided in this Court's original opinion that the applicant was entitled to

relief because one of applicant's prior convictions introduced at the punishment phase had a fundamentally defective indictment, even though applicant had not objected at trial. The authorities relied on by the majority in the original opinion, *Ex parte White*, 659 S.W.2d 434 (Tex.Cr.App.1983) and *Ex parte Todd*, 669 S.W.2d 738 (Tex.Cr.App.1984), both stand for the proposition that a void prior conviction cannot be used to *enhance* punishment under Penal Code, § 12.42, and that no objection is required to preserve this error. In the instant case the void prior conviction was introduced only as evidence for the jury's consideration and not for the purpose of statutorily raising the range of punishment for the offense. For this reason *Ex parte White*, and *Ex parte Todd*, supra, do not automatically provide an answer in this case.

As stated in the original opinion, five prior convictions were admitted during the punishment phase. One of these was a robbery conviction that was later declared void because of a fundamental defect in the indictment. *Ex parte Russell*, 685 S.W.2d 679 (Tex.Cr.App.1985). Applicant did not raise this error when the conviction was offered at trial. No objection was raised to its admission until this application for writ of habeas corpus was filed.

■ There are a limited number of issues that may be raised in an application for writ of habeas corpus. Habeas corpus is available only to review jurisdictional defects, *Ex parte Watson*, 601 S.W.2d 350 (Tex.Cr.App.1980), or denial of fundamental or constitutional rights, *Ex parte Clark*, 597 S.W.2d 760 (Tex.Cr.App.1979). There is no allegation that the trial court lacked jurisdiction in this case. Even if this error is one of constitutional dimensions, a timely objection may be required to preserve it. *Rogers v. State*, 640 S.W.2d 248 (Tex.Cr.App.1981), and *Gibson v. State*, 516 S.W.2d 406 (Tex.Cr.App.1974).

■ As stated above when a prior conviction is alleged in the indictment pursuant to V.T.C.A. Penal Code, § 12.42 and used to statutorily raise the range of punishment and that conviction is based on a fundamentally defective indictment, no objection is required to preserve error on appeal. It may be raised for the first time in an application for writ of habeas corpus. *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Cr.App.1981) and *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr.App.1980). It does not necessarily follow that a prior conviction based on a void indictment that is used only as evidence in the punishment phase will be treated the same way. The precise issue raised by the instant case has not previously been addressed by this Court.

■ A prior conviction offered as evidence in the punishment phase is governed by Art. 37.07(3)(a), V.A.C.C.P.:

"Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial or any final conviction material to the offense charged."

If a defendant wishes to complain on appeal about prior convictions admitted as evidence during the punishment phase, he must make a timely objection to the evidence or waive it. *Ex parte Ramirez*, 577 S.W.2d 261 (Tex.Cr.App.1979); *Von Byrd v. State*, 569 S.W.2d 883 (Tex.Cr.App.1978); *Logan v. State*, 482 S.W.2d 229 (Tex.Cr.App.1972); and *Davis v. State*, 463 S.W.2d 434 (Tex.Cr.App.1971). Even when the prior conviction was uncounselled, a timely objection is necessary to preserve error. *Aldrighetti v. State*, 507 S.W.2d 770 (Tex.Cr.App.1974); *Boss v. State*, 489 S.W.2d 580 (Tex.Cr.App.1972).

In the instant case appellant did not object to the robbery conviction when it was offered into evidence by the State. There is no compelling reason to treat the instant case differently than every other case in which a defendant is complaining of the introduction of his prior convictions. The instant case differs from *Nivens*, and *Howeth*, supra in that the robbery conviction

was not alleged in the indictment for enhancement purposes and did not have the effect of statutorily raising the range of punishment that the jury may consider.

 For these reasons we hold that appellant waived his right to complain about the introduction of the void burglary conviction because he did not make a timely objection when the evidence was offered by the State.

The State's Motion for Rehearing is granted. The relief requested is denied.

ONION, P.J., and CLINTON, TEAGUE and DUNCAN, JJ., dissent.