**Opinion filed November 30, 2017**



# In The

# Eleventh Court of Appeals

_____

## No. 11- 15-00228-CR

_____

## FRANKIE RAY MCKINNEY, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR44036**

## M E M O R A N D U M   O P I N I O N

The jury convicted Frankie Ray McKinney of two counts of indecency with a child by exposure.  *See* TEX. PENAL CODE ANN. § 21.11(a)(2) (West 2011).  For each count, the jury found an enhancement allegation to be true and assessed punishment at confinement for twenty years.  The trial court ordered that the sentences were to run concurrently.  Appellant presents one issue on appeal.  We affirm.

In Appellant's sole issue, he argues that the trial court improperly admitted two of Appellant's prior convictions during the punishment phase of the trial because

the convictions were not sufficiently connected to Appellant. The Texas Code of Criminal Procedure provides that, during the punishment phase:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to…any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2016).

A timely and specific objection is required to preserve an issue for appellate review. TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).

On February 27, 2014, Cynthia Perez, an investigator with the Department of Family and Protective Services, went to Noel Elementary School in Odessa to investigate allegations of child abuse. The Department removed two children, ages seven and eight, from their parents. The Department placed the children with William and Kim Bishop.

While the children were living with the Bishops, William overheard them talking about oral sex. When William questioned the children about why they were discussing sex, he learned that the children walked in while their mother and her live-in boyfriend, Appellant, were engaged in sexual intercourse and that, when the children tried to leave, they were tied to a chair. The children told William that they were forced to watch Appellant perform oral sex on their mother and then watch Appellant have intercourse with her.

William reported this conversation to CPS, who then interviewed the children. In the older child's interview, he said that Appellant tied him and his brother to a

2

chair with rope and then forced them to watch Appellant penetrate their mother's vagina and anus with his genitals and tongue.

The jury found Appellant guilty of both counts of indecency with a child by exposure. During the punishment phase, the State introduced evidence of Appellant's prior convictions for theft of stolen property (Exhibit No. 5) and possession of a controlled substance (Exhibit Nos. 6 and 7, a nunc pro tunc judgment); Appellant did not object.[1]

Appellant argues that the State did not sufficiently link Appellant to the convictions presented in Exhibit Nos. 5, 6, and 7. Appellant asserts that the State's argument to the jury about those prior convictions, without a sufficient connection to Appellant, requires that a new trial should be held on punishment. We disagree.

Appellant did not object to the introduction of the prior convictions. If a defendant does not make a timely objection to the introduction of a prior conviction during the punishment phase, the issue is waived on appeal. *Ex parte Russell*, 738 S.W.2d 644, 647 (Tex. Crim. App. 1986). When Appellant failed to object at trial, he waived this issue. *Id.*; *see* TEX. R. APP. P. 33.1(a). We overrule Appellant's sole issue on appeal.

We affirm the judgments of the trial court.


November 30, 2017                               JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).      CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J

---

[1]We note that Marisa Payne, a crime scene investigator with the Midland Police Department, testified that the fingerprints on the judgment in Exhibit No. 8 were Appellant's fingerprints. The trial court instructed the jury to find the enhancement allegation to be true if the jury believed beyond a reasonable doubt that Appellant was convicted of the aggravated assault charge in Exhibit No. 8.