**Affirmed and Opinion Filed December 2, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01324-CR

### RICHARD DICK JOLES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-18-0208**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Evans
Opinion by Justice Partida-Kipness

Appellant Richard Dick Joles appeals his conviction for exploitation of an

elderly individual under section 32.53 of the penal code. In a single issue, Joles

contends he is entitled to a new trial because the trial court admitted into evidence a

void prior conviction during the punishment phase of trial. Because we conclude

Joles waived error, we affirm the judgment of conviction.

## BACKGROUND

Joles does not challenge the sufficiency of the evidence to sustain his

conviction. We nonetheless provide the following brief recitation of the facts in the

light most favorable to the verdict to provide context to the Court's determination of the issue presented on appeal. *See Banda v. State*, 768 S.W.2d 294 (Tex. Crim. App. 1989) ("a brief recitation of the facts in the light most favorable to the verdict is useful" even where the appellant does not bring a sufficiency challenge); *see also Woodberry v. State*, No. 05-00-01823-CR, 2001 WL 1525906, at *1 (Tex. App.— Dallas Dec. 3, 2001, no pet.) (not designated for publication) (a lengthy recitation of the facts related to the offenses is unnecessary where appellant does not challenge sufficiency of the evidence).

The record reflects that, on November 20, 2017, Joles walked into the home of 82-year-old Edith Granberry and told her that he would repair her roof. Granberry did not know Joles, did not ask Joles to come to her home, and did not want anyone to repair her roof that day. Granberry told Joles that she did not want him to do any repairs and told him to leave, but he refused to leave. Within the hour, Joles had convinced Granberry to pay him $2,900 via personal check for repairs purportedly made to her roof.

Granberry called the police about a week later. During the investigation, Rockwall Police Detective Jalena Page contacted a local roofing company to inspect the roof. John White of Griffith Roofing inspected the roof of Granberry's house on December 1, 2017. White estimated the value of the work performed on Granberry's home to be $250 to $275 or, for a company that charges really high prices, $400 or

$500, which would be "extreme." In White's opinion, it would not be appropriate in his business to charge $2,900 for the amount of work that was done.

A grand jury in Rockwall County returned an indictment that charged Joles with the third-degree felony offense of exploitation of a child, elderly individual, or disabled individual. *See* TEX. PENAL CODE § 32.53(b),(c). The case proceeded to trial before a jury. At the conclusion of the guilt-innocence phase of trial, the jury found Joles guilty of the third-degree felony offense of exploitation of an elderly individual as charged in the indictment. *See id.*

During the punishment phase, the State offered State's Exhibit 15, which consisted of court records showing Joles's 1977 conviction for deceptive trade practice in Jefferson County, Texas. The trial court admitted State's Exhibit 15 without objection from Joles. The jury assessed punishment at seven years' confinement. The trial court signed a final judgment of conviction, and this appeal followed. In a single issue, Joles contends he is entitled to a new trial because the 1977 judgment is void, was used to enhance punishment, and should not have been admitted into evidence.

**STANDARD OF REVIEW**

The standard of review for a trial court's ruling under the rules of evidence is abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); Under this standard, an appellate court should not disturb the trial court's decision if the ruling was within the "zone of reasonable disagreement." *Page v. State*, 213

–3–

S.W.3d 332, 337 (Tex. Crim. App. 2006). In other words, we must uphold the trial court's ruling if it "was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made." *Id.* (quoting *Sauceda*, 129 S.W.3d at 120).

## ANALYSIS

The Texas Code of Criminal Procedure provides that, during the punishment phase:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1). "If a defendant wishes to complain on appeal about prior convictions admitted as evidence during the punishment phase, he must make a timely objection to the evidence or waive it." *Ex parte Russell*, 738 S.W.2d 644, 647 (Tex. Crim. App. 1986) (op. on reh'g). The State may not, however, use a void prior criminal conviction to *enhance* punishment under section 12.42 of the penal code. *Id.* As such, when a prior conviction is alleged in the indictment pursuant to section 12.42 "and used to statutorily raise the range of punishment and that conviction is based on a fundamentally defective indictment, no objection is required to preserve error on appeal." *Id.*

In his sole issue on appeal, Joles argues that he is entitled to a new trial because his 1977 conviction for deceptive trade practice was void and, therefore, State's Exhibit 15 should not have been admitted into evidence. We overrule this issue because the State did not use the 1977 conviction as an enhancement, and Joles waived error by making no objection to admission of the conviction.

The 1977 conviction was not used to raise the range of punishment under Texas Penal Code § 12.42. The State offered the prior conviction during punishment only for the jury's consideration as evidence when assessing punishment. The State's indictment included no enhancement paragraph, and the jury did not increase the range of punishment through its verdict. Rather, the jury assessed punishment at seven years; within the statutory two- to ten-year range of punishment for the offense. Further, Joles was convicted of a third-degree felony as charged in the indictment; he was not punished for a second-degree felony by enhancement under section 12.42(a) of the penal code. *See* TEX. PENAL CODE § 12.42(a). The conviction was, therefore, admissible under TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1), and Joles was required to object to the admission of the prior conviction at the time it was offered by the State. *See Ramirez v. State*, 89 S.W.3d 222, 231 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("Texas law long has required a contemporaneous objection to the admission of a prior conviction during sentencing, even when the prior conviction was obtained without the defendant having the benefit of counsel.") (citing *Ex parte Russell*, 738 S.W.2d at 647). He did not object

and, therefore, waived this issue on appeal. *See Russell*, 738 S.W.2d at 647; *see also Ramirez*, 89 S.W.3d at 231; *McKinney v. State*, No. 11-15-00228-CR, 2017 WL 5906887, at *2 (Tex. App.—Eastland Nov. 30, 2017, no pet.) (mem. op., not designated for publication).

Further, a timely and specific objection is required to preserve an issue for appellate review. TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Here, Joles did not assert in the trial court that he contended the 1977 conviction was void, nor did he object to the State's proof of the prior conviction. Joles waived these issues and may not assert them as a basis for overturning his conviction on appeal. *See Russell*, 738 S.W.2d at 647; *see also McKinney*, 2017 WL 5906887, at *2; TEX. R. APP. P. 33.1(a).

## CONCLUSION

When appellant failed to object to admission of the 1977 conviction at trial, he waived any error as to its admission. We, therefore, overrule his sole issue on appeal and affirm the judgment of conviction.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191324F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

RICHARD DICK JOLES, Appellant

No. 05-19-01324-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-18-0208.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of December, 2020.