**AFFIRMED as MODIFIED and Opinion Filed June 30, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00243-CR

### JAMES BRYAN FEARS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-21-0769**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Appellant James Bryan Fears appeals was convicted by a jury on one count of manufacture or delivery of a controlled substance, methamphetamine, in the amount of 4 grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). In a single issue, appellant complains that the trial court erred when it admitted, during the punishment phase of his trial, evidence of a prior conviction in which appellant pleaded guilty to a misdemeanor charge of assault–family violence without the assistance of counsel. We affirm.

On July 25, 2021, deputy sheriffs from the Rockwall County Sheriff's Office made contact with a vehicle that was stopped in the left-hand turn lane on Goliad Street near I-30. A woman was in the driver's seat, while appellant was in the front passenger's seat. When the deputy sheriffs approached the vehicle, one of them noticed a glass pipe on the center console. Appellant admitted that he and the woman had used the pipe to smoke marijuana. A search of the vehicle revealed a marijuana grinder, a large amount of Ziploc-style plastic baggies, two scales, and approximately forty grams of a crystalline substance. When the deputy sheriffs asked appellant about the drugs, he admitted it was methamphetamine. Later testing confirmed that the drugs were methamphetamine.

Appellant was charged by indictment for possession with the intent to deliver a controlled substance in penalty group 1, namely methamphetamine, in the amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). The indictment contained two enhancement paragraphs, each alleging a prior felony conviction. Appellant pleaded not guilty to the charge and not true to the enhancement paragraphs. Following a jury trial, appellant was found guilty. During the punishment phase, the State offered evidence of several prior convictions against appellant, including the two alleged in the indictment. One of the non-alleged convictions was a 2000 Gregg County conviction for assault–family violence in which appellant pleaded guilty without the assistance of counsel. Records from the 2000 conviction were offered and admitted in evidence without

–2–

objection by appellant. The jury found the alleged enhancement paragraphs true and assessed punishment at thirty-five years' confinement. The trial court entered a judgment of conviction by jury, and this appeal followed.

In his sole issue, appellant asserts that the trial court erred in admitting the records from the 2000 Gregg County conviction, averring:

> Appellant's constitutional and statutory rights to counsel and due process under the Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution, and Article I Sections 10, 15, and 19 of the Texas Constitution, and Section 1.051 of the Code of Criminal Procedure, were violated when, at the punishment hearing, the State introduced a previous conviction of the misdemeanor of assault/family violence, (SX 33, Appendix A) for which Appellant had no representation. Appellant is entitled to a new punishment hearing.

Appellant argues that because he was not represented by counsel in that case, the admission of the records violates his constitutional and statutory rights to due process and representation under the United States Constitution and the Texas Constitution. The State responds that appellant waived this complaint for appeal. We agree with the State.

The court of criminal appeals has held that an appellant may not collaterally attack an uncounseled prior conviction for the first time on appeal unless the trial court was given the opportunity to determine whether the prior conviction was permissibly obtained. *Hill v. State*, 633 S.W.2d 520, 525 (Tex. Crim. App. 1981). This rule applies to the admission of uncounseled prior convictions as evidence at the punishment phase. *Ex parte Russell*, 738 S.W.2d 644, 647 (Tex. Crim. App. 1986) ("If a defendant wishes to complain on appeal about prior convictions

admitted as evidence during the punishment phase, he must make a timely objection to the evidence or waive it … [e]ven when the prior conviction was uncounseled.");
*see also Joles v. State*, No. 05-19-01324-CR, 2020 WL 7053504, at *3 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op., not designated for publication) (alleged error of admission of an uncounseled prior conviction was waived because the appellant failed to raise the issue at the trial level).

Here, the record reflects that appellant, through counsel, stated he had "no objection" to the admission of the Gregg County conviction.[1] Accordingly, he waived the issue of its admittance for appeal. *See Darcy*, 488 S.W.3d at 329; *Hill*, 633 S.W.2d at 525; *Russell*, 738 S.W.2d at 647. We overrule appellant's sole issue.

On our own review, we note that the judgment of conviction by jury contains an error. Under "Punishment and Place of Confinement," the judgment states: "THIRTY (35) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE." The jury verdict assessed punishment at thirty-five years' confinement. Similarly, the trial court orally pronounced appellant's sentence as thirty-five years' "confinement in the Institutional Division of the Texas Department of Criminal Justice."

The Code of Criminal Procedure requires that the judgment accurately reflect the term of a defendant's sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01(15). This Court "has the power to correct and reform the judgment of the court below to

---

[1] It was offered by the state, as stipulated by the defense, and admitted by the trial court as stipulated, that even though pleading not true, he is one and the same individual in prior convictions. Nine such prior convictions were introduced and admitted.

make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Neither party raised this issue, but our duty to make the record speak the truth "is not dependent upon a request by either party." *See Asberry*, 813 S.W.2d at 531. On our own motion, we modify the judgment of conviction by jury to remove the words "THIRTY (35) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE" and replace them with "THIRTY-FIVE (35) YEARS; INSTITUTIONAL DIVISION, TEXAS DEPARTMENT OF CRIMINAL JUSTICE."

As modified, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
220243F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES BRYAN FEARS, Appellant

No. 05-22-00243-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-21-0769.
Opinion delivered by Justice Goldstein. Justices Pedersen, III and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** the words "THIRTY (35) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE" from the space next to "Punishment and Place of Confinement" and **INSERT** the words "THIRTY-FIVE (35) YEARS; INSTITUTIONAL DIVISION, TEXAS DEPARTMENT OF CRIMINAL JUSTICE".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of June, 2023.