CASSIDY v. SECOND JUDICIAL DISTRICT COURT et al.

No. 6920.   Decided April 9, 1946.   (167 P. 2d 970.)

See 42 C. J. S., Indictment and Information, sec. 35; 27 Am. Jur., 703.

*Ira A. Huggins* and *Arthur Woolley*, both of Ogden, for plaintiff.

*Grover A. Giles*, Atty. Gen., and *Zar E. Hayes*, Deputy Atty. Gen., for defendants.

WOLFE, Justice.

By this proceeding in prohibition petitioner Cassidy seeks to restrain defendant Second Judicial District Court in and for Weber County and defendant Ellett, sitting as judge thereof, from proceeding with the trial on a questioned indictment in the case of *State of Utah* v. *Cassidy* now pending in said District Court.

Cassidy was indicted for perjury by the grand jury of Weber County on June 28, 1944. The indictment returned specified four "counts" which so far as the indictment shows are in reality four separate offenses. The district court decided that under Section 105-21-31, U. C. A. 1943, there was a misjoinder of offenses charged by the indictment. That court pursuant to Section 105-21-44, U. C. A. 1943, ordered the district attorney to sever the indictment.

The district attorney thereupon copied the original indictment leaving out "counts" 1, 3 and 4. This copying was done over one year after the grand jury which returned the original indictment had been discharged. The signature of the foreman of the long-since-discharged grand jury does not appear on the partial copy but the name of said foreman

was typed thereon. It is recited on the back of the partial copy:

"Original indictment severed pursuant to the court's order heretofore entered. [Signed] Glenn W. Adams, District Attorney."

The district attorney caused the document thus produced to be filed on January 16, 1946.

Cassidy contends that the document which was made as above described and which was filed on January 16, 1946 is not a legally sufficient indictment and that defendants should be prohibited from proceeding in reference thereto.

It should be noted at the outset that the questioned indictment does not purport to be an amendment to the original or a copy taken from the records as allowed by statute (Section 105-21-49, U. C. A. 1943) when the original indictment is lost or destroyed.

The word "indictment" in legal parlance and even in the statutes set out in part below appears to be used to connote a paper containing one or more charges and returned by the grand jury as well as the charge itself. Where the paper contains only one charge the paper and the charge may each be designated "indictment," but where the paper contains more than one nonjoinable charges use of the word in both senses seems somewhat confusing. The paper returned by the grand jury and properly signed by the foreman thereof contained four charges against Cassidy. With certain exceptions none of which apply in this case, our statute requires that an "indictment" "must charge but one offense." Section 105-21-31, U. C. A. 1943. The grand jury charged four nonjoinable offenses on a single paper. If the grand jury desired to properly charge four offenses it should have returned four papers each charging one offense. Upon timely attack of the "indictment" for misjoinder the district attorney must "sever" same as provided for by Section 105-21-44, U. C. A. 1943. The applicable parts of that section are as follows:

105-21-44:

"(1) No * * * indictment shall be invalid or insufficient for any one or more of the following defects merely:

* * * * * *

"(b) That there is a misjoinder of the offenses charged.

* * * * * *

"(2) If the court is of the opinion that the defect stated in subsection (1), clauses * * * (b) * * * exists in any * * * indictment it may order the prosecuting attorney to sever such * * * indictment into separate * * * indictments * * *."

The Code sections applicable to this case concerning how the grand jury must find and present an indictment are:

105-20-1

"An indictment cannot be found without the concurrence of at least five grand jurors. When so found it must be indorsed 'a true bill,' and the indorsement must be signed by the foreman of the grand jury."

105-20-4

"An indictment when found by the grand jury must be presented by their foreman in their presence to the court, and must be filed with the clerk."

The legislature when it passed the indictment severance statute 105-21-44 (2) did not thereby give a prosecuting attorney, acting on a court order to sever, authority to make an indictment. Only a grand jury can return an indictment and the grand jury must follow the formalities prescribed by the Code. Sections 105-20-1, 105-20-4, quoted above, specified some of those required formalities.

It is obvious that the document made by the district attorney in this case is not an indictment because the "true bill" indorsement thereon was not signed by the foreman of the grand jury; neither was the document presented to the court by said foreman in the presence of the grand jury. The undisputed facts show that the document did not come into existence until well over a year

after the grant jury which allegedly returned same had been discharged. The indorsement by the district attorney on the document that the original indictment was severed pursuant to a court order does not validate the questioned document as an indictment.

Though the document made by the district attorney by copying part of the original indictment is not itself an indictment and may not be used as such it does not follow that the defendants should be restrained from proceeding in reference thereto. The prosecutor and the lower court treated the paper made by the district attorney as the accusatory paper in this case and apparently thought that paper by its own strength invoked the jurisdiction of the district court. Such assumptions were erroneous. The accusatory paper in this case and the document which invoked the jurisdiction of the district court was the document returned by the grand jury on June 28, 1944 which charged Cassidy with four offenses. That paper stands as the indictment which is the necessary prerequisite for the invocation of the power and authority of the court to try the defendant. The mechanism of "severance" is the process by which the law provides for selecting the particular charge on which the defendant is currently to stand trial. The fact that the offenses were misjoined is not jurisdictional and does not void the indictment. Misjoinder of charges in an indictment is only error which can be corrected in several ways. One method for correcting said error is for the court to order the prosecuting attorney to "sever" the indictment as authorized by Section 105-21-44, supra. The reason for the rule requiring that only one offense or only properly joined offenses be charged in an indictment is to prevent prejudicing the accused in the eyes of the jury by having numerous unrelated charges against him before the jury in the same trial. The severance contemplated by the severance statute quoted above is a severance of the charges of the indictment returned by the grand jury so that only one charge or only properly joined charges are before the jury in one trial. The mechanics of

severance are not given by the statute. It is our opinion that any method is sufficient that achieves the purpose of keeping all but one charge or only properly joined charges from the jury in any one trial.

In the case at Bar the mechanics of severance chosen by the district attorney may be somewhat confusing because the document used was entitled "indictment" and in many respects followed the form of a grand ■ jury indictment. However, the method used achieves the purpose. It clearly shows which charge will be tried first and that only that one charge will be tried at the one trial.

While the four misjoined offenses stood on the original indictment the district attorney could have proceeded to trial on the one offense severed and designated by his partial copy of the original indictment holding the other charges in abeyance for later trials.

The court is informed by counsel that three of the four offenses charged in the original indictment in this case have been dismissed. By the dismissal of all but one of the charges, the original indictment was severed so that the document made by the district attorney even treated as part of the mechanism of severance was made useless and it is now surplusage. Whether it is withdrawn by the district attorney or allowed to remain on the record of the district court is immaterial.

Nothing said in this opinion is to be construed as determining the legality or illegality of the original indictment as it now stands charging only one offense. That question is not before us.

The alternative writ of prohibition heretofore issued in this case is ordered vacated.

McDONOUGH, PRATT, and WADE, JJ., concur.

LARSON, Chief Justice.

I concur. But I deem it proper to add an admonitory comment that where offenses are misjoined in an indictment,

information or complaint, care should be exercised that the charges other than the one upon which trial is had should not be read or discussed in the presence of the jury, and that the accusatory paper should not be given to the jury.