**KENNEDY, Plaintiff, v. ALVIS, Warden, etc., Defendant.**

Common Pleas Court, Franklin County.

No. 198126.   Decided July 9, 1957.

James L. Kennedy, per se

William Saxbe, Atty. Genl., William M. Vance, Asst. Atty. Genl., Norman J. Putnam, Pros. Atty., for the defendant.

## OPINION

By GESSAMAN, J.

The plaintiff is an inmate of the Ohio Penitentiary and has filed for himself his petition for a Writ of Habeas Corpus. His contention is "that his present confinement is illegal through the fact that the indictment on which his charges were based was not a true bill and fatally defective and void, due to the absence of the signature of the Grand Jury Foreman as provided by law."

The undisputed facts are that on July 8, 1955, the Grand Jury of Stark County, Ohio, returned what purported to be an indictment charging the petitioner, James L. Kennedy, with the offense of armed robbery. Plaintiff entered a plea of not guilty and upon trial was convicted and subsequently sentenced to the Ohio Penitentiary. Some time later it was discovered that the endorsement "a true bill" was not signed by the Foreman of the Grand Jury. This fact is not disputed.

The question presented to the Court is not whether there is a defect in an indictment but rather whether there is in this case an indictment.

Sec. 2939.20 R. C., provides as follows:

"At least twelve of the grand jurors must concur in the finding of an indictment. When so found, the foreman shall endorse on said indictment the words 'a true bill' and subscribe his name as foreman."

Sec. 2939.10 R. C., provides in part as follows:

"* * * but no person other than the grand jurors shall be permitted to remain in the room with the jurors while the jurors are expressing their views or giving their votes on a matter before them."

Considering the mandate of the former section, in the light of the cloak of secrecy placed over the discussions and vote of the Grand Jury by the latter section, it becomes clear that the intention of the General Assembly was that the signature of the foreman is an indispensable requisite to a valid indictment. No one but the fifteen persons on the Grand Jury know whether or not at least twelve of them concurred "in the finding of an indictment." The signature of the foreman to the endorsement "a true bill" is the certification by the Grand Jury, and the only one provided for in the laws of Ohio, to the effect that the indictment was lawfully found. Without the endorsement and the foreman's signature thereto, we have no certification from the Grand Jury that the indictment was found as provided by law. In that event, the paper writing which purported to be an indictment, is nothing more than a paper writing of no legal effect.

We have been favored by the Prosecuting Attorney of Stark County with a photostatic copy of "Entry on Fourth Partial Report of Grand Jury," dated July 8, 1955, and signed by the Honorable D. Deane McLaughlin, a Judge of the Court of Common Pleas of said county. This entry recites that the foreman presented to the Court "18 bills of indictment; each endorsed by Richard N. McCracken, the said Foreman of the Grand Jury, 'a true bill,' to which endorsement said foreman subscribed his name; * * *." Then follows, among others, a secret indictment, No. 16428, James L. Kennedy, for armed robbery. Obviously, the statement is incorrect as to the indictment No. 16428, and therefore, adds nothing to the indictment itself. The mere fact that a paper writing was presented to the Court (§2939.22 R. C.), does not validate that which prior thereto had not attained the position of validity by means of the foreman's signature.

The Prosecuting Attorney has referred the Court to the case of **Picket v. State, 22 Oh St 405.** In this case the indictment did not carry the endorsement of the name of the prosecuting witness as required by Section 83 of the Court of Criminal Procedure. The Court held that in view of the fact that the plaintiff-in-error, the defendant in the Trial Court, had not taken advantage of the error in the indictment, he could not do so in the reviewing court. It is quite apparent that the Court did not feel that the failure to endorse the name of the prosecuting witness upon the indictment was such an omission as would invalidate the indictment itself. The Prosecutor also refers to the case of **Zenz v. Alvis, Warden, 66 Abs 606.** In that case the Court held in effect that the question of a defect in an indictment should be raised at the time of trial and where an objection is not made at that time, such defect or irregularity in form or substance, will not render the conviction or sentence void. This rule, of course, is well settled. It must be remembered, however, that before there can be an objection, there must first be an indictment to which the objection may be directed.

Our attention has also been called to the case of Frisbie v. United States, 157 U. S. 160. At page 163 the Court points out that at that time there was no Federal statute which contained the mandatory provision

requiring an endorsement or authentication on the indictment by the foreman of the Grand Jury. The Court then went on to hold that the fact that the Grand Jury had returned the indictment into court is evidence of approval of the indictment by the Grand Jury and therefore the formal endorsement by the foreman of the Grand Jury loses its essential character. As we have already pointed out, the situation in Ohio is different. In this state the General Assembly has made it mandatory that the foreman endorse on the indictment "a true bill" and attach his signature thereto. It is quite apparent that the General Assembly intended that that act by the foreman was the certification or authentication by the Grand Jury of the indictment.

The case of Coburn v. State, 44 Southern, 58 (Alabama), holds that the objection to the indictment because of the failure of the foreman to sign it, should have been raised "in accordance with the rules of Pleading." As opposed to this we refer to the case of Whitley v. State, 52 Southern, 203 (Alabama), decided three years later than the Coburn case, in which the Court said:

"There is no endorsement on the indictment, as required by Section 7300 of the Code of 1907, to-wit, 'a true bill,' signed by the foreman of the grand jury. Until an indictment is so endorsed, there is no valid indictment."

In the case of Day v. State, 134 S. W. 215 (Texas), the Supreme Court held just the opposite and said that

"The failure of the foreman of the Grand Jury to sign an indictment officially does not invalidate the same."

The weight of authority, however, seems to be just the opposite. We have already referred to the case of Whitley v. State, decided by the Supreme Court of Alabama in 1910.

In U. S. ex rel. Caudron v. Commonwealth of Pennsylvania, 96 Fed. Supp. 487, the Court spoke as follows at page 488 of the opinion:

"Indictment No. 14 of Clearfield County was neither signed by the District Attorney of the county nor by the foreman of the Grand Jury; no witnesses' names appear on it nor that of a private prosecutor. Without doubt this indictment was defective. It amounted to not much more than a blank sheet of paper to which the petitioner pleaded guilty."

To the same effect are the cases of State v. Bay, 87 Southern, 294 (Louisiana); People v. Rice, 56 NYS, 2d, 833 (New York); People v. Lester, 48· NYS, 2d, 409 (New York); and Cassidy v. Court, 167 Pac. 2d, 970 (Utah).

A very concise statement is found in the Cassidy case, supra, at page 972 of the opinion as follows:

"It is obvious that the document made by the district attorney in this case is not an indictment because the 'true bill' indorsement thereon was not signed by the foreman of the grand jury; * * *"

We are not unmindful of the provisions of §2941.08 R. C., which enumerate certain factors which do not invalidate an indictment. Among those enumerated is Subsection (K) which reads as follows:

"For other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits."

For the reasons which we have given, it is our opinion that the failure of the foreman of the Grand Jury to attach his signature to the endorsement "a true bill" on an indictment, does prejudice the substantial rights of the defendant for the reason that he is presented with no certification by the foreman of the Grand Jury to the effect that the indictment was found by the Grand Jury in the manner provided by law. For the same reason, provisions of §§2941.29 and 2941.54 R. C., do not apply. When there is no indictment there is nothing to which a person may move or demur.

For the reasons which we have given, it is our opinion that the failure of the foreman to subscribe his name to the endorsement "a true bill" on the indictment in question is fatal and the purported indictment is therefore a nullity. It therefore follows that all proceedings had subsequent to the returning of the alleged indictment are void and that the plaintiff's commitment to and detention in the penitentiary of Ohio is illegal. A writ of Habeas Corpus is therefore allowed as prayed for. In view of the fact that the plaintiff was not represented by counsel, the Court requests the Attorney General to prepare the proper entry.