492 P.2d 1202

Johnny **QUINTANA**, Petitioner,

v.

Robert L. **MYERS**, Judge of the Superior Court, Division No. 5, Maricopa County, Arizona, and Moise Berger, County Attorney of Maricopa County, Arizona, Respondents.

No. 10729.

Supreme Court of Arizona, In Banc.

Jan. 27, 1972.

Patrick E. Eldridge, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by Gervais R. Brand, Deputy County Atty., Phoenix, for respondents.

HAYS, Chief Justice.

Johnny Quintana was indicted on two counts of selling heroin. In Superior Court he moved to quash the indictment on the sole ground that it did not contain the words "a true bill" as required by A.R.S. § 21–414, subsec. A, which provides:

> "An indictment shall not be returned without concurrence of at least nine grand jurors. When an indictment is returned, the foreman or acting foreman shall endorse it a 'true bill' and sign it."

When his motion to quash was denied, he brought this special action in this court.

The Maricopa County Grand Jury, which indicted Quintana, consisted of sixteen persons. A court reporter took down all of the testimony and events. His transcript shows that all sixteen grand jurors were present when Quintana's offense was considered; that upon the conclusion of the testimony the courtroom was cleared; and that when the courtroom was reopened, the clerk read the grand jury's decision, which was as follows:

"The Grand Jury has voted, 16 to zero, returned for a true bill on case number 1–GJ–8 [Quintana]"

Judge Glenn was then called into the courtroom for the return of the indictment, at which time the foreman of the grand jury stated: "The Grand Jury has returned a true bill in the Grand Jury Case number 1–GJ–8."

Quintana contends that the requirement that the endorsement contain the words "a true bill" is mandatory and jurisdictional, that the trial cannot proceed, and that it was error to deny his motion to quash.

It must be conceded that the law is not uniform in the several states, and that in Arizona the issue is one of first impression. Quintana cites several cases, of which Kennedy v. Alvis, Court of Common Pleas of Ohio, 145 N.E.2d 361 (1957), is one containing language favorable to his position. Ohio's statute is nearly identical to ours, and the court said that because the grand jury is secret there is no way to be sure that it actually returned an indictment unless the foreman's signature appears on its face. Therefore, it held, "The signature of the foreman is an indispensable requisite to a valid indictment."

A careful reading of the case, however, shows that the words "a true bill" appeared on the document but that it was the foreman's signature which was missing! Even so, the decision is questionable because of the case of Pierpont v. State, 49 Ohio App. 77, 195 N.E. 264 (1934). Kennedy, though decided 23 years after Pier-

pont, appears to have been decided by a trial court (Court of Common Pleas) which must have overlooked the Pierpont case decided by the Ohio Court of Appeals, whose precedents it was bound to follow.

The opposite position is taken by several states. For example, in Wau-kon-chaw-neek-kaw v. The United States, 1 Morris 332, the Supreme Court of Iowa said:

"The fourth error assigned is that 'The record does not show that the indictment was endorsed by the foreman as a true bill.' The record states that the grand jury returned this bill into Court (among others) as a true bill, but the endorsement required by the statute is entirely wanting, so far as appears from the transcript. Under these circumstances, should the omission be deemed a fatal defect? The law requiring the words 'a true bill,' with the foreman's name subscribed thereto, to be endorsed upon a bill of indictment, is merely directory. This is doubtless intended as the appropriate evidence of the same having been regularly found. *But where there is other proof that the grand jury duly returned the bill into Court as 'a true bill,'* we think that furnishes sufficient *prima facie* evidence of regularity in this respect to prevent an omission of the required endorsement from becoming a fatal defect at this stage of the proceedings." (p. 335) (First emphasis added.)

In Frisbie v. United States, 157 U.S. 160, 15 S.Ct. 586, 39 L.Ed. 657 (1894), the Court had before it an indictment from which *both* the foreman's signature and the words "a true bill" were missing. No statute required the missing words or signature, and the defendant failed to make timely objection. However, the United States Supreme Court indicated that even if there were a statute and even if the objection had been timely made, there would still be no merit in the objection.

In the instant case we not only have the return of the indictment to the presiding judge, but we also have a complete steno-

graphic report of the evidence and the proceedings, which show that the foreman announced that the grand jury had unanimously found a true bill in Quintana's case. We have often held that we look to the substance rather than the form, in cases before us. Goodman v. State, 96 Ariz. 139, 303 P.2d 148. The instant case is a good example of applying this rule. There is no evidence, nor any claim of prejudice to Quintana in the omitted words.

The writ prayed for is denied, and the petition for special action is dismissed with prejudice.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.