Ex parte Chester BILLEY.

No. 65151.

Court of Criminal Appeals of Texas, En Banc.

Sept. 10, 1980.

**194**

Robert Huttash, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

■ Appellant was convicted in 1976 of burglary of an automobile. After finding the two enhancement allegations true, the court assessed punishment at life.

He now challenges the indictment of one of the convictions used for enhancement. That indictment reads that Billey did:

". . . then and there, with intent to exercise control over the property of Stanley Sobaski, break and enter a motor vehicle, without the effective consent of Stanley Sobaski, the owner."

He contends that because the indictment fails to allege that he entered the vehicle "with the intent to commit any felony or theft" it fails to allege an offense against the State.

Following the case of *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1977), the relief is granted.[1]

■ Because the error relates only to the punishment assessed and because the trial

court assessed the punishment, we need only remand for a new hearing on punishment. *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976).

The requested relief is granted.

---

1. This writer dissented in *Ex parte Cannon*, supra, because the indictment there, just as in the case at bar, sufficiently alleged, in essence, the elements of the intended theft.