DANAHY, Judge.
A defect appears in an indictment charging appellee with first degree murder. Because of that defect, the trial judge granted appellee’s motion to dismiss the indictment and the state appeals. We hold that ,the defect is within the category of formal and nonprejudicial defects which, under rule 3.140(o), Florida Rules of Criminal Procedure, do not constitute grounds for dismissal. We reverse.
The defect is in the statement on the indictment required by rule 3.140(f), which provides that the state attorney or an assistant state attorney shall make and sign a statement on the indictment to the effect that he has advised the grand jury returning the indictment as authorized and required by law.[1] Rule 3.140(f) further provides that no objection to an indictment on the ground that the statement has not been made shall be entertained after the defendant pleads to the merits. The author’s comment to the rule points out that Florida statutes no longer require that an indictment be signed by a state attorney or assistant state attorney, so that there is no statutory basis for the express explanatory statement and signature required by rule 3.140(f).
The statement on the indictment in this case recites that the state attorney, E. J. Salcines, advised the grand jury. The statement, however, is signed “Norman S. Cannella [Chief Assistant State Attorney] for E. J. Salcines, State Attorney.” The state represented to the trial judge and to this court that Mr. Cannella did in fact advise the grand jury, not Mr. Salcines.[2] Appellee disputes whether the record reflects Mr. Cannella’s presence before the grand jury in an advisory capacity regarding her indictment. Further, she asserts that she has the right to be assured by the signing of the required statement that the state attorney or an assistant state attorney advised the grand jury regarding its duties and the various degrees of offenses for which the grand jury could have indicted *815 appellee. These arguments do not convince us that appellee has been genuinely prejudiced by the defective statement.
As might be expected, we have found no case in Florida or elsewhere dealing with a defect in an indictment exactly like that presented here. However, two decisions of our supreme court provide guidelines which dictate the result we reach in this case.
In Burnes v. State, 89 Fla. 494, 104 So. 783 (1925), the supreme court considered the sufficiency of an indictment which was endorsed “indictment for breaking and entering. H. B. Knapp. A true bill. Foreman of the grand jury.” A statute required that indictments be endorsed on the back by the foreman of the grand jury, when so found a true bill, and signed by him. The defendant claimed that the indictment was defective because improperly endorsed. The supreme court disposed of the question as follows:
The contention in effect is that, since the words “A True Bill” are interposed between the name of the foreman and the words “Foreman of the Grand Jury,” the indorsement is defective. While not in the precise order usually occurring, this is not such a defect as to vitiate the indictment. The record discloses that H. B. Knapp was the foreman of the grand jury which returned the indictment. Considering the indorsement in connection with the record, it contains all that the statute requires. (Citations omitted; emphasis added.)
Id. at 783.
More recently, the Supreme Court of Arizona used similar reasoning in upholding a trial judge’s refusal to quash an indictment because it failed to contain the words “a true bill” as required by an Arizona statute. The Arizona court looked to the transcript of the proceedings, which clearly reflected the returning of a true bill, and held the defect to be one of form and nonprejudicial. Quintana v. Myers, 108 Ariz. 95, 492 P.2d 1202 (1972).
In Arnold v. State, 83 So.2d 105 (Fla.1955), our supreme court considered defects in informations somewhat similar to the defect in the indictment before us in this case. In Arnold, each information referred to Robert R. Taylor, County Solicitor for Dade County, as the person making the information under oath. The jurat on each information described Robert R. Taylor, County Solicitor for Dade County, as the person making the oath. Mr. Taylor had ceased to be county solicitor for Dade County. John D. Marsh, who was in fact then county solicitor for Dade County, signed each information and made and signed the oath. The supreme court felt that, since the informations were each under the oath of the county solicitor in office at the time, they fulfilled the requirements of the law that an information be under the oath of the prosecuting attorney.' The court concluded that the defects in the case were more nearly of form than of substance and that the situation was controlled by the provisions of section 906.25, Florida Statutes (1955), which are now contained in Florida Rule of Criminal Procedure 3.140(o):
No indictment or information, or any count thereof, shall be dismissed ... on account of any defect in the form of the indictment or information . . . unless the court shall be of the opinion that the indictment or information is so vague, indistinct or indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
We cannot condone the carelessness which has consumed the time of the trial judge and this court in .dealing with appel-lee’s objection to her indictment. In extreme cases, such carelessness may vitiate a conviction. E. g., State v. Black, 385 So.2d 1372 (Fla.1980). The defect in this case, however, does not render the indictment so vague, indistinct and indefinite as to mislead appellee and embarrass her in the preparation of her defense or expose her after conviction or acquittal to substantial danger of a new prosecution for the same offense. If the record of the grand jury *816 proceedings does not reflect that Mr. Can-nella did in fact attend the session of the grand jury and advise it as authorized and required by law, and if there is a real question whether he did so, the trial judge may resolve that issue in an appropriate fact finding proceeding.
REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.
OTT, Acting C. J., and CAMPBELL, J., concur.

. The state attorney has the duty of attending sessions of the grand jury to examine witnesses and give legal advice about any matter cognizable by the grand jury. § 905.19, Fla.Stat. (1979).

. The state attorney is expressly authorized to designate an assistant state attorney to attend sessions, examine witnesses, and give legal advice to a grand jury. § 905.19, Fla.Stat. (1979).