Ex parte Joe Nathan LIGHTFOOT.

No. 66905.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted in 1977 of burglary of a habitation. After finding a prior felony allegation to be true, the trial court enhanced the punishment to sixty years.

Petitioner now challenges the indictment of the felony used for enhancement. This indictment reads that petitioner did:

"... then and there, with intent to exercise control over the property of Fred E. King enter a building which was not open to the public, without the effective consent of Fred E. King the said owner."

Petitioner contends that the indictment fails to allege that he entered the building "with intent to commit any felony or theft", or to allege sufficiently the elements of the underlying felony or theft.

Following the mandates of *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1977),[1] and *Ex parte Billey*, 604 S.W.2d 193 (Tex.Cr. App.1980), the relief is granted.

Since the trial court assessed the punishment and the error relates only thereto, we need only remand for a new assessment of punishment. *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976).

It is so ordered.

---

1. This writer agrees with the position taken by the dissent in *Ex parte Cannon*, but feels bound to follow the decision as laid down by a majority of this Court.