Paul Dwayne HUMPHREY, Petitioner,

v.

O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent.

Civ. A. No. H–86–252.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 22, 1987.

Paul Dwayne Humphrey, pro se.

Charles A. Palmer, Office of Atty. Gen. of Texas, Austin, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

HITTNER, District Judge.

Pending before this Court are the following documents: (1) Petitioner's Petition for Writ of Habeas Corpus; and (2) Respondent's Motion to Dismiss and Answer.

Petitioner filed this habeas corpus action pursuant to 28 U.S.C. §§ 2241, 2254 (1982). Petitioner was charged with the felony offense of aggravated robbery, tried before the 178th Judicial District Court of Harris County, Texas, found guilty by the court, and sentenced to twenty-five (25) years confinement in the Texas Department of Corrections. At trial, the State's witnesses were the complainant and the police officers who arrested the Petitioner while in possession of the complainant's car. The Petitioner attempted to present witnesses on his behalf, but was unable to procure their appearance to testify. He did testify in his own behalf. The twenty-five (25) year sentence was based on enhancement evidence of a prior felony conviction in Ohio. The Fourteenth Court of Appeals of Texas affirmed the conviction in an opinion dated October 18, 1984.

Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals. The petition was dismissed by that court upon sworn motion by Petitioner asking that his petition be withdrawn. Petitioner has filed one state application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. It was denied without written order on November 27, 1985. The Respondent has stipulated that he believes the Petitioner has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254.

Petitioner seeks to overturn his conviction on the following grounds:

I. Denial of effective assistance of counsel at trial;

II. Error by the trial court in failing to grant Petitioner's motion for continuance;

III. Denial of the right to appeal by failure of the court reporter to transcribe verbatim the trial records; and

IV. Error by the trial court for admitting an invalid Ohio conviction to enhance the Petitioner's primary conviction.

I. Denial of Effective Assistance of Counsel at Trial

Petitioner contends that his trial counsel was ineffective on several grounds. Basically, his complaints center on the following areas:

(1) Failure to properly investigate facts prior to trial;

(2) Failure to interview alibi and/or other defense witnesses;

(3) Failure to properly file pretrial motions;

(4) Failure to adequately cross-examine witnesses; and

(5) Failure to withdraw because of a personality conflict with Petitioner.

A. Standards of Evaluation

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong test that should be utilized when evaluating a federal habeas corpus claim of ineffective assistance of counsel. In order to meet the requirements of the test, the defendant must show that (1) counsel's errors were so serious that he was not functioning as the "counsel" guaranteed under the sixth amendment and (2) the defendant was prejudiced by the defective performance. *Id.* at 687, 104 S.Ct. at 2064. A defendant must make both showings in order to prove that "the conviction ... resulted from a breakdown in the adversarial process that renders the result unreliable." *Id.*

In evaluating whether a defendant's attorney has functioned as the "counsel" contemplated under the sixth amendment, the Court must determine whether the attorney's performance was reasonable under prevailing professional guidelines. *Id.* at 688, 104 S.Ct. at 2064–65. In order to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Reasonable probability has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* In analyzing both prongs of

the test, a court should make every effort "to eliminate the distorting effects of hindsight ... [and] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

B. Failure to Properly Investigate Facts Prior to Trial and Failure to Interview Alibi and/or Other Defense Witnesses

Petitioner alleges that he was denied effective assistance of counsel because his attorney failed to properly investigate the facts of his case in general and, more specifically, failed to procure the testimony of one Larry Walker. The Court will examine each claim separately.

■ Generally, Petitioner states that counsel has a duty to seek out and interview all potential witnesses in a case. This simply is not the standard by which an attorney's performance is to be analyzed in a federal habeas corpus proceeding. Under *Strickland*, the standard is reasonableness under prevailing professional guidelines. The Fifth Circuit has held that an attorney has a duty to make an independent investigation and to interview potential witnesses. *Bell v. Watkins*, 692 F.2d 999, 1009 (5th Cir.1982), *cert. denied*, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983). However, this duty is not unlimited and must be viewed in the totality of the circumstances of the case. *Id.*

The record indicates that Petitioner's counsel not only independently investigated the facts of the case but also arranged to have the trial court appoint a private investigator to assist in the investigation. Both counsel and the investigator attempted to reach potential witnesses. The information as to who the potential witnesses were and where they could be located was sketchy at best. The Petitioner referred either his attorney or the investigator to five potential witnesses: (1) Lee Begnaud; (2) Tony Richardson; (3) a woman at the apartment complex who might have seen the Petitioner and Walter Law (the complaining witness) together; (4) a woman at a fast food restaurant who might have seen the Peti-

tioner and Walter Law together; and (5) Larry Walker.

■ Lee Begnaud was contacted and stated he did not have knowledge of any information that would help the Petitioner. Tony Richardson was contacted and agreed to testify. After telling the assistant district attorney that Petitioner had asked him to lie, however, Begnaud did not appear in court on the day he was to testify. The woman at the apartment complex had moved to Dallas. Counsel inquired at the fast food restaurant concerning the woman who had reportedly seen Petitioner and Law there, but no one was able to identify the woman on the basis of the description given by the Petitioner. Viewed in the totality of the circumstances, the Court is of the opinion that counsel's efforts to obtain testimony of these witnesses were reasonable within the meaning of *Strickland.*

■ The Court next considers Petitioner's complaint in regard to the potential testimony of Larry Walker. Petitioner alleges he was denied effective assistance of counsel because his attorney (1) withheld at trial a sworn affidavit of Larry Walker and (2) did not procure the testimony of Larry Walker at trial.

In Texas, an *ex parte* affidavit is considered the equivalent of hearsay and, as such, is inadmissible evidence unless it falls under an exception to the hearsay rule. 2 Tex.Jur.3d *Affidavits* § 2 (1979). *See McAfee v. Shirley*, 140 S.W.2d 932 (Tex. Civ.App.—Amarillo 1940); *see also Walding v. State*, 135 Tex.Crim. 430, 120 S.W.2d 1052 (1938); *Halliday v. Lambright*, 29 Tex.Civ.App. 226, 68 S.W. 712 (San Antonio 1902). The affidavit in question does not meet any of the exceptions and is clearly inadmissible. Petitioner's claim that he was denied effective assistance of counsel because his attorney did not present the affidavit is thus without merit.

■ As to Petitioner's complaint that his attorney did not subpoena Larry Walker to testify at trial, Larry Walker was an elusive prospective witness. Both Petitioner's attorney and investigator tried to reach him at the hotel address given to them by

the Petitioner. Neither was successful at finding Walker or anyone who knew him. Efforts to locate Walker included several telephone calls and two visits by the investigator to the hotel. The investigator finally determined that Larry Walker was in the Harris County Detention Center (where Petitioner also was incarcerated) and had been there since March. In order to visit with Walker, the investigator had to obtain the permission of Walker's attorney. After some delay, which was not due to the fault of the investigator or Petitioner's counsel, this permission was obtained and the investigator attempted to visit with Walker. On his first visit, the investigator was denied access because a "freeze" was on. Approximately two weeks later he attempted to visit Walker again and found Walker had "pled out" to a lesser charge and had been released a few days earlier. Subsequent efforts to reach Walker at the hotel after his release were unsuccessful. Under the circumstances, the Court is of the opinion that counsel's failure to subpoena a witness he could not find and whose testimony could be suspect was not unreasonable. Therefore, Petitioner's complaint as to ineffective assistance of counsel because his attorney failed to subpoena Larry Walker is without merit.

C. Failure to File Pretrial Motions

In his motions, the Petitioner alleges he was denied effective assistance of counsel because his attorney failed to file appropriate pretrial motions, including: (1) a motion to have the state list its witnesses; (2) a motion for evidence favorable to the Defendant; (3) a motion for discovery and inspection; (4) a motion in limine; and (5) a motion for the appointment of an investigator.

In his motions, the Petitioner does not allege any potential information that would have been disclosed or how his case was prejudiced by the alleged lack of filing the pretrial motions. Thus, the claim fails to satisfy the prejudice element of *Strickland*. Moreover, Petitioner's claim is totally without merit as the record clearly indicates that Petitioner's counsel (1) filed a motion for discovery; (2) filed a motion in

limine; and (3) had an investigator appointed. It is conceded that counsel did not file a motion to list witnesses and a motion for evidence favorable to the Defendant. These were totally unnecessary, however, as the State made its entire file available to the Petitioner's counsel. Therefore, the Court is of the opinion that Petitioner's claim in this area is without merit.

D. Failure to Adequately Cross-Examine Witnesses

The Petitioner does not allege in his Petition, nor can the Court discern from the record, how the Petitioner's case was prejudiced by the actions of his attorney in the cross-examination of the trial witnesses. The Court is not of the opinion that counsel's cross-examination fell short of prevailing professional guidelines. Therefore, the Court concludes that Petitioner's claim fails to meet either of the *Strickland* requirements and is without merit.

E. Failure to Withdraw Because of a Personality Conflict

Petitioner asserts that a personality conflict existed between him and his attorney, requiring that the attorney withdraw as counsel. Again, the Petitioner does not allege, nor can the Court discern from the record, any prejudicial effect of the alleged personality conflict. The record indicates that Petitioner's attorney sought very earnestly to represent the Defendant. He investigated the case on his own, arranged to have the court appoint an investigator to assist in the investigation, arranged through discovery to inspect the State's file, and filed various motions, including: (1) motion in limine, (2) motion to strike enhancement allegation, (3) motion to quash indictment, (4) motion for continuance, and (5) motion for new trial. In the totality of the circumstances, counsel's performance was certainly reasonable and Petitioner has not shown any prejudicial effect. Therefore, the Court is of the opinion that Petitioner's claim is without merit.

In summation, the Court fails to find that Petitioner was deprived of effective assistance of counsel.

Therefore, Petitioner's request to set aside his conviction on the basis of ineffective assistance of counsel should be denied.

## II. Error by the Trial Court in Failing to Grant Petitioner's Motion for Continuance

The Petitioner claims that by failing to grant his motion for continuance, the trial court effectively denied him the right to present a defense, thereby denying him his sixth amendment due process right as applied to the states through the fourteenth amendment. The Petitioner complains that a subpoenaed witness (who was present during part of the proceeding) was absent on the day the witness's testimony was to be heard. The trial court denied Petitioner's motion for a continuance so the witness's presence could be procured.

■ The Respondent in his Motion to Dismiss and Answer states that "[t]he failure of a convicting court to comply with state procedural rules presents questions of state law only, which are not recognizable in a federal habeas corpus proceeding." The Respondent's position is erroneous.

The Supreme Court has stated that "an accused ... has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington v. State of Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). The Supreme Court has further held that a federal habeas corpus proceeding provides an avenue for redress of denials of due process of law. *Fay v. Noia*, 372 U.S. 391, 402, 83 S.Ct. 822, 829, 9 L.Ed.2d 837 (1963). This protection has been consistently applied by the Supreme Court to cases involving federal and state prisoners seeking federal habeas corpus relief. *Id.* at 409, 83 S.Ct. at 832–33; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Therefore, Petitioner's claim is properly reviewable by this Court in a habeas corpus proceeding. Having determined that Petitioner's claim is reviewable, the Court thus addresses the merits of this claim.

■ The Supreme Court has held that a defendant's due process rights were violated when "the State arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense." *Washington v. Texas*, 388 U.S. 14, 23, 87 S.Ct. 1920, 1925, 18 L.Ed.2d 1019 (1967). In order to prevent summary judgment dismissal of a habeas corpus petition, however, a party must show in the petition specific, substantive facts that would enable a reviewing court to determine if there is a real possibility that a constitutional error was committed. *Taylor v. Maggio*, 581 F.Supp. 359 (E.D.La.1984), *appeal dismissed*, 727 F.2d 341 (5th Cir.1984). In the Petitioner's motions, he does not state the substance of the anticipated testimony of the missing witness. Petitioner only states that by not granting the continuance the trial court denied him his constitutional right to put forward a defense. There is no information that would enable this Court to determine whether the proposed testimony would have met the test of *Washington, i.e.,* whether the testimony would have been by a competent individual as to events personally witnessed by him and would have been relevant and material to the case and thereby preclude summary dismissal. Petitioner's complaint, however, regarding denial of this witness's testimony fails on other grounds and therefore the Court need not reach this issue.

■ The Supreme Court has stated very clearly that there is no constitutional right for a defendant to use false evidence, including perjury, in presenting his defense. *Nix v. Whiteside*, 475 U.S. 157, 173–174, 106 S.Ct. 988, 998, 89 L.Ed.2d 123 (1986). In the present case, the prospective witness confided to the chief prosecutor that the Petitioner had asked him to lie in order to support the Petitioner's version of the events. During the motion for continuance hearing, the chief prosecutor took the stand and gave testimony as to the conversation with the missing witness. The chief prosecutor was cross-examined by the defense. The defense put on no evidence to

contradict the prosecutor's testimony. Since a constitutional right does not attach to giving false testimony, the trial court did not violate the Petitioner's constitutional right to due process by denying the motion for continuance. Consequently, Petitioner's claim is without merit. Therefore, Petitioner's request to set aside his conviction on the basis of error by the trial court in failing to grant a motion for continuance should be denied.

### III. Denial of the Right to Appeal by Failure of the Court Reporter to Transcribe Verbatim the Trial Records

Petitioner claims that his appeal was prejudiced because the court reporter did not present a complete copy of the trial records to the counsel representing him on appeal. The record shows that the punishment phase of the trial record was inadvertently omitted when the court reporter first prepared the trial transcript. This was later supplemented, however, to include the omitted part and was given to Petitioner's counsel. Petitioner's counsel, in affidavit testimony, stated that the error was remedied prior to the filing of his brief with the Texas Court of Appeals. The case cited by the Petitioner is not on point as it addresses a situation where the court reporter failed to record critical phases of the trial and could not give a complete record of the trial. Here, there was a mistake that could be and was corrected. Therefore, the error, if any, was harmless and the Petitioner's claim is without merit. The Petitioner's request to set aside his conviction on the basis of failure of the court reporter to transcribe verbatim the trial records should be denied.

### IV. Error by the Trial Court in Admitting an Invalid Ohio Conviction to Enhance Petitioner's Primary Conviction

The Petitioner claims that his primary sentence was improperly increased because the state used an invalid Ohio conviction as basis for the enhancement. The State responds that Petitioner failed to properly preserve the objection to the Ohio conviction at the trial court level and is, therefore, precluded from raising the issue, di-

rectly or collaterally, by the procedural default doctrine. Because of the peculiarities of the case, the Court will address whether the Petitioner has exhausted his state remedies before addressing the arguments of the parties.

Under the exhaustion of state remedies doctrine, a petitioner must exhaust available state judicial remedies before he may raise a claim in a federal court proceeding. 28 U.S.C. § 2254 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The test for determining whether the petitioner has exhausted available state remedies is whether the state courts have been given a "fair opportunity" to review the claims. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir.1985). The Fifth Circuit additionally requires, as a result of the broad powers of discretionary review given to the Texas Court of Criminal Appeals, that a Texas inmate raise his claims before the Texas Court of Criminal Appeals through either a direct or collateral review in order to satisfy the exhaustion doctrine. *Richardson v. Procunier*, 762 F.2d 429, 431–432 (5th Cir. 1985).

On direct appeal to the Texas Court of Appeals, two briefs were filed on the Petitioner's behalf. One was filed by court-appointed counsel and the other was a *pro se* brief filed by the Petitioner. The counsel-prepared brief did not raise the issue of the void indictment in the Ohio conviction. The *pro se* brief did raise the issue. In Texas, a defendant is not entitled to "hybrid" representation and, as a result, a *pro se* brief, when filed in addition to a counsel-filed brief, generally presents nothing for review. *Rudd v. State*, 616 S.W.2d 623 (Tex. Crim.App.1981). Texas appellate courts, however, have had the freedom to consider such *pro se* briefs in the "interest of justice." *Rogers v. State*, 575 S.W.2d 555 (Tex.Crim.App.1979).

In the present case, the court of appeals, in its opinion, restated the well-established rule as to "hybrid" representa-

tion. It also stated, however, that it had reviewed the Petitioner's *pro se* brief and found no error that should be considered in the interest of justice. Therefore, the Court is of the opinion that the Texas Court of Appeals had a "fair opportunity" to review the Petitioner's claim.

Next, the Petitioner's counsel filed a petition for discretionary review with the Texas Court of Criminal Appeals. The Petitioner, *pro se,* requested the Court of Criminal Appeals to withdraw this petition. No further petitions for discretionary review were filed. Therefore, the Petitioner did not raise the issue of the invalid Ohio indictment by direct appeal to the Texas Court of Criminal Appeals.

Subsequent to the voluntary withdrawal of his petition for discretionary review, the Petitioner, acting *pro se,* filed a state writ of habeas corpus seeking relief from the enhancement judgment on the grounds of the invalid Ohio indictment. Approximately three weeks later, the Petitioner filed an amended writ listing three additional grounds for relief. From the record, it is not clear whether the Court of Criminal Appeals reviewed the original writ application and the amended writ application as one document or only considered the amended application on the basis that it superseded the original writ application.[1] It is a general principal of law, however, that writs of habeas corpus should be construed liberally. This rule is well established in the Fifth Circuit. *Wiggins v. Procunier,* 753 F.2d 1318 (5th Cir.1985). Therefore, the Court presumes that the Texas Court of Criminal Appeals liberally construed the Petitioner's *pro se* writ application as one document, thereby giving the Court of Criminal Appeals a "fair opportunity" to review the claim.

The State apparently agrees with this Court inasmuch as in its response, it signifies its belief that Petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c). Therefore, the Court is of the opinion that the Texas state courts

have been given a "fair opportunity" to review the claim and that the Respondent is not barred by the exhaustion doctrine from raising the claim in a federal habeas corpus proceeding.

This now brings the Court to the merits of the Petitioner's claim. The Court will first address the validity of the State's argument that the Petitioner's claim is barred by the procedural default doctrine.

■ The State maintains that it is well-settled law in Texas that an objection to an admission of a portion of a defendant's penitentiary packet must specify the portion to which the objection is made, and the objection must not only identify what is being objected to but also must be specific and set forth the grounds for the objection; otherwise, the error is not preserved for postconviction review, either directly or collaterally. The State further contends that the procedural default doctrine of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), bars the Petitioner from raising the issue before a federal court when he has not followed the prescribed state procedure. While the cases cited by the State do represent the general Texas law regarding the preservation of errors for postconviction review, the law in Texas is different when the basis for attack, either on direct appeal or collaterally, is an invalid indictment.

It is a long-recognized rule in Texas that a defendant may challenge fundamentally defective indictments by way of a postconviction application for writ of habeas corpus and that such attacks are applicable to convictions used for enhancement purposes. *Ex parte Howeth,* 609 S.W.2d 540, 541 (Tex.Crim.App.1980); *see also Ex parte Elizalde,* 594 S.W.2d 105, 106 (Tex.Crim. App.1980). Collateral attacks on foreign convictions used in enhancement proceedings have also been allowed by the Texas courts. *Acosta v. State,* 650 S.W.2d 827 (Tex.Crim.App.1983); *see also Hankins v. State,* 646 S.W.2d 191, 200 (Tex.Crim.App. 1981). Further, the Texas courts have ex-

---

**1.** This uncertainty arises from the fact that the Court of Criminal Appeals denied the writ with

no written order.

plicitly stated that "[d]espite the absence of an objection at trial, appellant may challenge, for the first time on appeal, the validity of the indictment underlying one of the prior convictions used for enhancement purposes." *Duplechin v. State*, 652 S.W. 2d 957, 958 (Tex.Crim.App.1983). The rule in Texas is thus that a defendant may attack a fundamentally defective indictment of a prior conviction used for enhancement purposes either directly or collaterally without having raised the issue at the trial court level. This construction has been recognized by the Fifth Circuit. *Craig v. Beto*, 458 F.2d 1131 (5th Cir.1972). Therefore, the Court is of the opinion that the State's contention that the Petitioner's claim is barred from review by the procedural default doctrine is erroneous and the Petitioner's claim is properly before the Court.

Having determined that the Petitioner's claim is properly before the Court, the Court now addresses the merits of the claim. Petitioner claims that the primary sentence was improperly enhanced because the Ohio conviction on which the State relied was void since the indictment utilized in the Ohio criminal proceeding lacked the requisite signature of the grand jury foreman. In Texas, it has long been the rule that a void prior conviction cannot be used for enhancement purposes. *Burney v. State*, 614 S.W.2d 834 (Tex.Crim.App.1981); *see also Ex parte Elizalde*, 594 S.W.2d 105 (Tex.Crim.App.1980). The Fifth Circuit holds that a "[state] cannot disregard the constitutional infirmities of any conviction which it seeks to use for enhancement purposes." *Craig v. Beto*, 458 F.2d 1131, 1133 (5th Cir.1972). Therefore, if Petitioner can show the Ohio conviction to be void, its use would have been improper for the enhancement of the primary sentence.

■ In addressing the Petitioner's claim, the threshold issue is whether the Petitioner has properly exhausted state remedies as to this claim. While some jurisdictions require a petitioner to attack the foreign conviction in the foreign jurisdiction before raising the issue in a federal habeas corpus proceeding, the Fifth Circuit does not require an attack in the foreign state. *Id.* at 1134. Rather, the defendant must have exhausted the state remedies of the state of confinement, not the state of the foreign conviction. *Id.* As previously addressed, this Court is satisfied that Petitioner has exhausted his Texas state remedies.

In order to be successful in his attack, the Defendant has the burden, according to Texas law, to demonstrate by a preponderance of the evidence that the foreign conviction was void because of an improper procedure in the foreign state. *Hankins v. State*, 646 S.W.2d 191, 200 (Tex.Crim.App. 1981). In attacking a fatally flawed indictment, the Fifth Circuit also requires the defendant to prove his claim by a "preponderance of the evidence." *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984). Additionally, the Fifth Circuit requires the state utilizing the foreign conviction to defend against the attack on the foreign conviction in the same manner that the foreign state would be required to defend against the attack. *Craig v. Beto*, 458 F.2d 1131, 1134 (5th Cir.1972).

The Petitioner provided a certified copy of the Ohio indictment with no signature of the grand jury foreman or deputy foreman. The Petitioner also provided statutory and case-law support for his claim. The State presented no evidence to refute the Petitioner's claim, but, instead, relied on the procedural default doctrine as a bar to the claim being raised.

Ohio rules of criminal procedure require that a grand jury foreman or deputy foreman's signature be affixed to the indictment. Ohio R.Crim.P. 6(F). This signature is necessary in order for the indictment to be valid. 26 Ohio Jur.3d *Criminal Law* § 725 (1981); *Roberts v. Maxwell*, 189 N.E.2d 736 (Ohio Ct.App.1962); *see also Kennedy v. Alvis*, 145 N.E.2d 361 (Ohio Com. Pl. 1957). If the signature of the grand jury foreman or deputy foreman is missing, the indictment is a nullity and all proceedings thereafter are void. *Kennedy v. Alvis*, 145 N.E.2d 361 (Ohio Com. Pl. 1957).

Therefore, the Court is of the opinion that the Petitioner has provided sufficient evidence to meet the evidentiary burden that the State improperly used the Ohio conviction to enhance the Petitioner's primary conviction, and relief should be granted. Under Texas law, when the punishment is set by the trial court rather than the jury, the proper relief is to remand to the trial court for resentencing. *Ex parte Lightfoot,* 612 S.W.2d 935, 936 (Tex.Crim. App.1981; *see also Ex parte Brown,* 575 S.W.2d 517, 518 (Tex.Crim.App.1979). It should be noted that the Court's decision only relates to the use of the Ohio conviction in the Texas trial and does not reach the issue of the validity of the conviction as far as Ohio is concerned. It is therefore,

ORDERED that Petitioner's Writ of Habeas Corpus be and is hereby GRANTED to the following extent:

ORDERED that Petitioner's request to set aside his conviction on the basis that an invalid Ohio conviction was improperly utilized to enhance the primary sentence be, and is hereby DENIED; however, it is further

ORDERED that the case be REMANDED to the 178th Judicial District Court of Harris County, Texas, for resentencing on the basis that an invalid Ohio conviction was used to enhance the primary sentence. It is further

ORDERED that the Respondent's Motion to Dismiss be, and is hereby, DENIED in accordance with the holding of this opinion.