**Paul Dwayne HUMPHREY, Petitioner–Appellee,**

**v.**

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellant.**

**No. 88–2072.**

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1988.

---

Christine D. White, Charles A. Palmer, S. Michael Bozarth, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Nancy Saint–Paul, Houston, Tex. (court appointed), for petitioner-appellee.

Paul Dwayne Humphrey, Rosharon, Tex., pro se.

Before GEE, SNEED,* and WILLIAMS, Circuit Judges.

SNEED, Circuit Judge:

The Director of the Texas Department of Corrections appeals the order of the district court granting Humphrey's petition for a writ of habeas corpus. We reverse.

* Circuit Judge of the Ninth Circuit, sitting by designation.

## I.

### FACTS AND PROCEEDINGS BELOW

The disposition of this case requires that an odd corner of Ohio law be examined in order to resolve an unusual fact situation under Texas law. In 1978, an Ohio grand jury indicted Humphrey for aggravated robbery; he pleaded guilty and was sentenced to a term of imprisonment in the Ohio reformatory. In 1983 a Harris County, Texas district court tried Humphrey for aggravated robbery with the Ohio conviction alleged for enhancement of punishment. Humphrey was convicted and sentenced to confinement in the Texas Department of Corrections for twenty-five years. He appealed without success.

Humphrey then petitioned the United States District Court for a writ of habeas corpus. He asserted that his Ohio conviction was invalid because the foreman of the grand jury did not sign the indictment, and, as a consequence, the Texas court could not use the Ohio conviction to enhance his sentence. The district court agreed and ordered the Texas court to resentence Humphrey. 675 F.Supp. 1043. The Director appealed.

## II.

### JURISDICTION

The district court had jurisdiction under 28 U.S.C. §§ 2241 & 2254, and our jurisdiction rests on 28 U.S.C. § 1291.

## III.

### STANDARD OF REVIEW

In a federal habeas corpus case, we must accept a district court's findings of fact unless they are clearly erroneous, but we decide issues of law de novo. *See Baker v. Metcalfe*, 633 F.2d 1198, 1201 (5th Cir.), *cert. denied*, 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981).

## IV.

### ANALYSIS

Humphrey's claim requires that he challenge the decisions of two courts, the Ohio

conviction on grounds that the foreman of the grand jury did not sign his indictment, and the Texas court's use of that conviction to enhance his sentence. We must confront Humphrey's challenge to the Ohio conviction. *See Craig v. Beto*, 458 F.2d 1131, 1133 (5th Cir.1972). *Craig*, in which the petitioner asserted that his Texas sentence had been enhanced with an invalid Oklahoma conviction, held that "Texas is burdened with defending the attack on the Oklahoma conviction in the same way that the State of Oklahoma would be so burdened in a collateral attack in Oklahoma." *Id.*

We cannot discharge our duty by merely asserting, as does the Director, that we cannot grant a writ of habeas corpus merely for a violation of state law. Humphrey, however, is doing more than setting forth a violation of state law. The gravaman of Humphrey's argument is that the use of the Ohio conviction violates due process under the Fourteenth Amendment because the Ohio conviction is void. This court, recognizing the force of this argument, will grant habeas corpus relief when a state indictment is "so defective that the convicting court had no jurisdiction." *Allen v. McCotter*, 804 F.2d 1362, 1365 (5th Cir. 1986). The determination whether a state court, such as the Ohio court in this case, had jurisdiction "can be made only by looking to the law of the state where the indictment was issued." *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984).

█ We conclude, however, that although the Ohio indictment may be defective, its defects did not deprive the Ohio court of jurisdiction. The Ohio courts have made clear that any defects in the indictment do not affect the jurisdiction of the lower court. *Chapman v. Jago*, 48 Ohio St.2d 51, 356 N.E.2d 721 (1976) (per curiam), illustrates the principle. There the defendant's indictment failed to conclude with the phrase "against the peace and dignity of the state." The defendant's motion to dismiss the indictment was denied

and the prosecutor was permitted to amend the indictment to include this phrase. After his conviction, Chapman filed a petition for writ of habeas corpus arguing that the amendment was made without the approval of the grand jury. The Ohio Supreme Court held that defendants could not attack the sufficiency of the indictment through a writ of habeas corpus. "The question of the sufficiency of the indictment does not relate to the jurisdiction of the court to try appellant for the crime for which he was convicted.... Appellant's remedy, if any, is by way of appeal from the judgment of conviction." *Id.* at 51, 356 N.E.2d at 722 (citation omitted). *See also Mills v. Maxwell*, 174 Ohio St. 523, 524, 190 N.E.2d 264, 265 (per curiam), *cert. denied*, 375 U.S. 850, 84 S.Ct. 107, 11 L.Ed.2d 77 (1963) (holding that petitioner could not challenge his conviction on the grounds that the indictment failed to charge an essential element of the crime through a writ of habeas corpus).

The same principle was applied recently in *Rhodes v. Tate*, No. 1462 (Ohio Ct.App. Dec. 2, 1987) (Westlaw Ohio Courts database), *aff'd*, 35 Ohio St.3d 266, 520 N.E.2d 221 (1988).[1] Rhodes in that case challenged his conviction on the grounds that his indictment omitted the required concluding phrase and that it was not signed by the grand jury foreman. The Ohio Court of Appeals applied *Chapman*, holding that neither of these claims deprived the lower court of its jurisdiction and thus could not be raised in a petition for habeas corpus.

The district court, in granting Humphrey's petition, relied on *Kennedy v. Alvis*, 145 N.E.2d 361 (C.P. Franklin County 1957) for the conclusion that the Ohio conviction was invalid. *See Humphrey v. McCotter*, 675 F.Supp. 1043, 1051 (S.D.Tex. 1987). *Kennedy* supports the district court's position. There the defendant sought a writ of habeas corpus on the grounds that the grand jury foreman failed to endorse the indictment. The court granted the writ, holding that an indictment without a signature is void and, there-

---

1. The Ohio Supreme Court Rules provide that unpublished opinions of the court of appeals may be cited and are considered persuasive but

not controlling authority. Ohio Sup.Ct.Rules for the Reporting of Opinions 2(G).

fore, all subsequent proceedings are invalid. 145 N.E.2d at 363–64.

Thus, *Kennedy* is in conflict with *Rhodes* and *Chapman.* We must select the authorities that in our view best represent Ohio law. We conclude that we must follow the decisions of the Ohio appellate courts in *Chapman* and *Rhodes,* rather than the decision of the Franklin County Court of Common Pleas. Thus, even if the Ohio indictment was not signed, this defect did not affect the jurisdiction of the Ohio court. The state was free to use the conviction to enhance Humphrey's sentence. *See Allen,* 804 F.2d at 1365.

We need not address other asserted grounds of error. We reverse the decision of the district court.

REVERSED.